KENTUCKY STATE BAR ASSOCIATION, Complainant,

v.

Richard Davis McAFEE, Respondent.

Court of Appeals of Kentucky.

May 3, 1957.

No attorney for complainant.

A. W. Redmon, Daniel B. Boone, Edward J. Ewen, Jr., Louisville, for respondent.

PER CURIAM.

On March 30, 1956, Richard Davis McAfee was convicted in the United States District Court, for the Western District of Kentucky, of willfully and knowingly failing to make his income tax return to the Director of Internal Revenue for the calendar year of 1952, and his punishment was fixed at imprisonment for nine months and a fine of $5,000. A certified copy of the judgment was filed in this court by the Secretary of the Kentucky State Bar Association, and in accord with RCA 3.335 a rule was issued against Mr. McAfee to respond within twenty days to show cause why he should not be disbarred from the practice of law by this court.

Mr. McAfee filed his response in due time setting up three defenses: 1. He was not convicted of a felony; 2. the offense of which he was convicted under Title 26 U.S.C.A. § 145(a) involved no moral turpitude; 3. his conduct both before and subsequent to his conviction has been good.

In support of the response he filed a brief in which he cited In re Hallinan, 43 Cal.2d 243, 272 P.2d 768, wherein the Supreme Court of California in an exhaustive opinion held an intention to defraud the United States government is not an essential element in the offense of which Mr. McAfee was convicted and that such conviction does not involve moral turpitude. The Hallinan opinion cites many cases from the United States Supreme Court, among which are United States v. Scharton, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917, and United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381, to the effect that a conviction under Title 26 U.S.C.A. § 145(a) or § 145(b) does not necessarily involve moral turpitude. Attached to respondent's brief is a copy of the brief filed in the Supreme Court of California in the Hanninan case which fully covers the question of whether a conviction for failing to file a federal income tax return involves moral turpitude. A reading of this brief convinces us that it does not.

We conclude that respondent's conviction is not sufficient ground upon which to disbar Mr. McAfee from the practice of law in this State. But Mr. McAfee's conduct is not condoned by us and we think he should be, and he is hereby, reprimanded.