**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Dan D. BALL, Respondent.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

Henry H. Harned and Leslie G. Whitmer, Kentucky Bar Assn., Frankfort, for complainant.

William T. Warner, Louisville, for respondent.

PER CURIAM.

Respondent, Dan D. Ball, a practicing attorney, was convicted on May 20, 1971, in the United States District Court for the Eastern District of Kentucky, of violations of 26 U.S.C. § 7201. The indictment charged four counts of the offense of willfully and knowingly filing false and fraudulent income tax returns. Judgment of the District Court was filed on September 22, 1971, in which it was recited that on September 13, 1971, the respondent Ball's punishment was fixed by the judge at a fine of $10,000 on count one, an additional fine of $10,000 on count two, and an additional fine of $10,000 on count three. The respondent was further sentenced to confinement by imprisonment for a period of one year and one day on count four. The execution of the sentence of imprisonment was suspended, and the respondent was placed on probation for a period of five years. A specific condition of his probation was that he will *not prepare, assist in preparing, or give any legal advice relative to any* *tax matter, state or federal, during the period of probation.*

In accordance with the provisions of RCA 3.320, which became effective July 2, 1971, a certified copy of the judgment of conviction of the respondent was filed in this court by the President of the State Bar Association on September 22, 1971. On October 6, 1971, an order of disbarment was entered by this court. Thereafter, the respondent moved the court to vacate or set aside the disbarment order and to stay his disbarment until he is afforded a hearing with opportunity to present evidence in mitigation on the issue of the extent of disciplinary action to be administered by reason of his conviction.

Former rule 3.330 adopted by this court on November 11, 1969, and superseded by RCA 3.320 provided that when an attorney had been convicted of an offense involving moral turpitude a hearing should be held where facts or circumstances in mitigation when requested by the convicted attorney of the offense or of the discipline which might be imposed would be considered. The Board of Governors of the Kentucky Bar Association was empowered to conduct such hearing and to confine the issues to be considered and the evidentiary material to be received.

RCA 3.320 requires that if any member of the Kentucky Bar Association is convicted of a felony and the judgment of conviction becomes final, this court "shall enter an order of disbarment." Respondent has been convicted of a felony. Thus, if RCA 3.320 is operative, then the only purpose to be served by a hearing would be to determine whether a final judgment, either unappealed or affirmed after appeal, has been entered by a court of competent jurisdiction. In the event the concerned attorney contests whether such a judgment actually exists, we would doubtless direct a hearing confined to that issue. Respondent, however, admits the existence of a final judgment of conviction of a felony.

It appears to us, nevertheless, that at the time respondent committed the acts of which he was convicted and at the time the verdict of the jury against him was entered, a different disciplinary rule was in effect

in this jurisdiction. At the critical times with which we are here concerned, our rule afforded a hearing on the issue of whether the offense charged involved moral turpitude, and this court had discretion to determine the presence and sufficiency of mitigating circumstances from which a discretionary determination of disciplinary action less than disbarment could be imposed.

By parity of reasoning with our recent decision in Kentucky State Bar Association v. Stivers, Ky., 475 S.W.2d 900 (rendered November 19, 1971), we are of the opinion that the rules of court prevailing before July 2, 1971, should apply, and the new rule requiring automatic disbarment should not be given ex post facto effect to the respondent.

This does not mean, however, that we necessarily agree with the substantive law stated in the prior opinions of this court in the cases of Kentucky State Bar Association v. McAfee, Ky., 301 S.W.2d 899 (1957), and Kentucky State Bar Association v. Brown, Ky., 302 S.W.2d 834 (1957), on which respondent relies. In the McAfee case, the attorney concerned was convicted in the U. S. District Court of willfully and knowingly failing to make an income tax return. His punishment was fixed at imprisonment for nine months and a fine of $5,000. The offense was not a felony. This court relied chiefly upon the decision of the California Supreme Court in the case of In Re Hallinan, 43 Cal.2d 243, 272 P.2d 768, wherein the Supreme Court of California held that since fraud was not an essential element in the offense charged (income tax evasion) a conviction of such an offense did not necessarily involve moral turpitude. This court reasoned that the conviction was not a sufficient ground upon which to disbar the convicted attorney from the practice of law and adjudged his penalty to be a reprimand.

In the Brown case the attorney was convicted of income tax evasion and his punishment fixed at imprisonment for a year and a day and a fine of $5,000. This was a felony conviction. This court placed its sole reliance on the Hallinan case and concluded

that the attorney should not be subjected to any discipline. The court was unaware of subsequent proceedings in California resulting from the opinion on which it placed reliance.

The Board of Governors of the State Bar of California held a hearing concerning the conviction of Hallinan following the opinion cited in the McAfee and Brown cases and found that in fact the respondent had been guilty of moral turpitude and recommended his suspension from the practice of law for three years. This recommendation was subsequently upheld by the Supreme Court of California in In Re Hallinan, 48 Cal.2d 52, 307 P.2d 1.

There is an additional significant circumstance present in the instant case that was absent in the McAfee and Brown cases. The respondent Ball's probation for a period of five years is based upon the specific condition that during this period he will give no legal advice relative to any tax matters, state or federal. We cannot assume that such specific condition was lightly imposed. It would require a strong showing indeed for us to put the stamp of approval upon the continued practice of law by an attorney who is under a specific direction as a condition of probation not to give any legal advice on any tax matters, state or federal. It would appear that the public is entitled to protection in these circumstances.

Therefore, as a matter of elemental justice and basic due process, we will not attempt a retroactive application of RCA 3.320. In view of the circumstances, however, we will amend the order of permanent disbarment heretofore entered to the extent of substituting suspension from the practice of law for disbarment at this time. The order will be further amended by remanding this proceeding to the Board of Governors of the Kentucky Bar Association with direction that it proceed to conduct a hearing pursuant to the provisions of our former rule RCA 3.330. At this hearing, evidence in mitigation concerning the extent of disciplinary penalty may be received and the board shall thereafter file its report and recommendations with this court for such additional procedures as are provided

by the rules of this court that were in effect immediately prior to July 2, 1971.

An amended order will be entered in accordance with this opinion.

All concur.