**KENTUCKY STATE BAR ASSOCIATION, Complainant,**

v.

**Daniel T. TAYLOR, III, Respondent.**

Court of Appeals of Kentucky.

June 14, 1974.

Leslie G. Whitmer, Director, Kentucky Bar Assn., Frankfort, for complainant.

Robert Allen Sedler, Lexington, for respondent.

PER CURIAM.

The Kentucky State Bar Association seeks disbarment of Attorney Daniel T. Taylor, III, of Louisville, under RCA 3.-320, which provides for disbarment upon conviction of a felony or of a misdemeanor

involving dishonesty or stealing. The president of the association has filed a certified copy of a judgment of the United States District Court for the Western District of Kentucky by which Taylor was convicted of three offenses of failure to file income tax returns. The judgment was entered February 1, 1974. It does not state the dates of the offenses, but the parties agree that the offenses were committed in 1969, 1970, and 1971, consisting of the failure to file income tax returns for the years 1968, 1969 and 1970. The date of the last offense was April 15, 1971, when the 1970 return was due.

RCA 3.320 became effective July 2, 1971. Prior to 1948, former KRS 30.100 provided that a person convicted of a *felony* could not practice law, but that statute was repealed in 1948, so from that time until July 2, 1971, there was no provision in our law for disbarment of an attorney solely on the basis of a criminal conviction. Thus, when Taylor *committed* the offenses in question he was not subject to disbarment solely by reason of a criminal conviction. The rule calling for such disbarment was in effect, however, when Taylor was *convicted*.

The Bar Association argues that the rule may be applied to Taylor since it was in effect when he was *convicted*. Taylor, on the other hand, maintains that the rule cannot be applied to him because it was not in effect when the offenses were *committed*.

■ In Kentucky Bar Association v. Ball, Ky., 501 S.W.2d 253, this court said that "as a matter of elemental justice and basic due process, we will not attempt a retroactive application of RCA 3.320." In that case both the commission of the offense and the conviction had preceded the effective date of RCA 3.320. The Bar Association in the instant case contends that the date of conviction is the essential date, rather than the date of commission of the offense. We do not agree. The policy of our law, as respects retroactive application of new laws relating to penalties, forfei-tures, punishments, rights or claims, is set forth in KRS 446.110. That statute says in substance that the substantive law applicable at the time an offense is *committed* shall control. Regardless of the statute, we think it is plain that the considerations of elemental justice that are involved in the question of retroactivity of RCA 3.320 relate to the circumstances attending the commission of the offense rather than those prevailing at the time of conviction.

Having concluded that RCA 3.320 will not be applied in this case, we shall follow the procedure used in Kentucky Bar Association v. Ball, supra, of remanding the case to the Board of Governors of the Bar Association for proceedings in accordance with former rule RCA 3.330.

■ We deem it desirable to correct a misapprehension the Bar Association seems to have as to the meaning of RCA 3.320. The rule states that when a member of the Bar has been convicted of a felony or of a "serious misdemeanor" a copy of the judgment shall be filed with the court by the president or vice-president of the Bar Association. Then, if the offense is a felony or "is a misdemeanor which the court finds to involve dishonesty or stealing within the concept of Cotton v. Commonwealth, Ky., 454 S.W.2d 698," the member shall be suspended, and if no appeal is taken from the judgment of conviction, or the judgment is affirmed on an appeal, shall be disbarred. The Bar Association interprets the rule as calling for disciplinary action in the case of *any serious misdemeanor*, without regard to whether it involves dishonesty or stealing. That interpretation is not correct. The meaning of the rule is that to constitute the basis for discipline under the rule, a misdemeanor must both be serious and involve dishonesty or stealing; however, the president or vice-president of the Bar Association merely determines the question of seriousness; if he determines that the misdemeanor is a serious one, he files a copy of the judgment with the court; the determination of whether the offense involves dishonesty or stealing

then is made by the court, and the taking of disciplinary action depends on that determination's being made.

This case is remanded to the Board of Governors of the Kentucky Bar Association with directions that it conduct further proceedings in conformity with former rule RCA 3.330.

All concur.

## ON PETITION FOR MODIFICATION

### PER CURIAM

The Kentucky State Bar Association having petitioned this court for a modification of its original opinion and the court having examined the record and noting that the respondent, Daniel T. Taylor, III, in his response waives any question of due process that might result from the remand of this case to the Board of Governors, it is hereby ordered and adjudged that the petition for modification be, and the same is, hereby overruled.

All concur.