KENTUCKY BAR ASSOCIATION, Complainant,

v.

James A. KING, Jr., a/k/a, J. Anthony King, Respondent.

Court of Appeals of Kentucky.

Oct. 17, 1975.

Rehearing Denied Feb. 6, 1976.

Leslie G. Whitmer, Director, Ky. Bar Association, Frankfort, for complainant.

Ben B. Fowler, William H. Gorin, Stites, McElwain & Fowler, Frankfort, for respondent.

PER CURIAM.

On October 30, 1974, in the circuit court for the Sixth Judicial Circuit of Florida, J. Anthony King, a member of the Kentucky Bar and the respondent in this disciplinary proceeding, entered a plea of nolo contendere to an indictment which charged him with the offense of conspiracy to commit a felony.

King was indicted as a co-conspirator who unlawfully agreed, combined, conspired or confederated with others to commit the felony offense of offering to a public official reward or compensation not authorized by law. The indictment alleged that King conspired with others to pay a member of the town council of Indian Rocks a sum in excess of $2000.00 for voting in the past, present and future, as a public official upon matters involving Indian Rocks Sea Club, Ltd., contrary to Chapter 833.04 Florida Statutes, said acts being against the peace and dignity of the state of Florida.

Following the district court's acceptance of King's plea, the court entered a judgment suspending the imposition of sentence, and placed him on probation for a period of five years. The terms of the probation not only required King's good behavior, but also required a number of specific and detailed duties during the term of probation.

The president of the Kentucky Bar Association filed in this court a copy of the indictment and order withholding adjudication of guilt and placing King on probation. He moved this court to issue a rule against King to show cause why this court should not take appropriate action under the provisions of RCA 3.320.[1]

In a response and in a document styled "Surreply," King contends that he has not been convicted of a crime. Such a position stretches the bounds of credulity. King was indicted on a felony charge, ". . . punishable by imprisonment . . . for not more than one-fourth of the penalty or term which could have been imposed if the felony conspired to be committed had actually been committed, or by imprisonment in the state prison for one year, whichever may be greater." Florida Statute, Sec. 833.04. It is this court's view that an order suspending a sentence in a felony conviction and placing King on probation is the equivalent of a conviction, regardless of the plea. The indictment of King, his plea and subsequent probation for a period of five years, is serious in nature and reflects a degree of dishonesty totally abhorrent to the principles enunciated in the code of ethics of the legal profession.

This court is of the opinion that the proper administration of justice and the proper regard for the integrity of the profession compel it to conclude that King is unfit to continue as a member of the bar of this Commonwealth.

"A court has the duty, since attorneys are its officers, to insist upon the maintenance of the integrity of the bar and to prevent the transgressions of an individu-

---

1. Rule 3.320 provides that when any member of the association has been convicted of a serious misdemeanor or a felony a copy of the judgment shall be filed with the court by the President or vice-president. If the offense is a felony or if it is a misdemeanor which the court finds to involve dishonesty or stealing within the concept of *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1970), the member shall be suspended ipso facto.

al lawyer from bringing its image into disrepute. Disciplinary procedures have been established for this purpose, not for punishment, but rather as a catharsis for the profession and a prophylactic for the public." *Maryland State Bar Association, Inc. v. Agnew*, 271 Md. 543, 318 A.2d 811 (1974).

It is therefore ordered and adjudged that the respondent, James A. King, a/k/a J. Anthony King, be permanently disbarred from the practice of law in the Commonwealth of Kentucky.

All concur.