**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**John M. TRIMBLE, Sr., Respondent.**

Supreme Court of Kentucky.

Aug. 20, 1976.

John T. Damron, Leslie G. Whitmer, Director, Kentucky Bar Ass'n, Frankfort, for complainant.

Joe C. Savage and Robert J. Turley, Jr., Turley, Savage & Moore, Lexington, for respondent.

PER CURIAM.

This is a disciplinary proceeding against John M. Trimble, Sr., of the Lexington-Fayette County, Kentucky, Bar. Respondent was charged in a three-count information returned against him in the United States District Court for the Western District of Kentucky with the offense of failing to make United States income tax returns for the calendar years 1967, 1968 and 1969, in violation of Title 26, Section 7203, United States Code, and Section 7203, Internal Revenue Code. Each offense is a misdemeanor. Pursuant to a plea of nolo contendere, respondent was found guilty of count

three (1969) and sentenced to imprisonment for one year.

The Kentucky Bar Association caused disciplinary proceedings to be commenced against respondent, and on September 9, 1974, a certified copy of the judgment of the United States District Court finding him guilty and fixing his punishment was filed in the office of the Clerk of the Court of Appeals of Kentucky. The proceeding was taken pursuant to the then current RCA 3.320. A rule issued from the office of the clerk and respondent answered challenging the applicability of RCA 3.320, since the offense was deemed to have been committed on April 15, 1970, and the subject rule was not adopted until July 2, 1971. On December 12, 1974, the Court of Appeals entered an order remanding the matter to the Kentucky Bar Association for proceedings consistent with the rules prevailing as of April 15, 1970.

On January 29, 1975, the Kentucky Bar Association filed a new charge against respondent in which it is contended that on August 30, 1974, respondent was convicted of the offense of failing to make a federal income tax return for the calendar year 1969. It is alleged therein that the conduct of respondent in failing to file the income tax return and his criminal conviction therefor constitute unethical and/or unprofessional conduct calculated to bring the bench and bar into disrepute. Complainant has taken the position that respondent's conviction in and of itself constitutes such unprofessional and unethical conduct which is calculated to bring the bench and bar into disrepute, and it offers no further proof to substantiate it. The respondent testified extensively in an effort to support his defense of extenuating circumstances. His high degree of competency, conduct, and ability generally as a practicing attorney of the Kentucky Bar, his unhappy family situation resulting in a divorce, and his overburdening indebtedness were established by a member of the bar, his minister, and two members of the judiciary. Likewise, these witnesses established that his conduct and conviction adversely affected the legal profession.

Respondent's sentence has been fully satisfied by his imprisonment for 37 days. The amount of his total indebtedness on the tax claims is in dispute.

The trial committee of the Kentucky Bar Association recommended that respondent be given a private reprimand and be required to pay the costs of the proceedings. The Board of Governors, after considering the charge against respondent and reviewing the trial record which was made at the trial committee's hearing, found respondent guilty and recommended that he be suspended from the practice of law in Kentucky for a period of nine months and be required to pay the costs of the proceedings.

Respondent argues that the charges against him should be dismissed because his conduct and subsequent conviction do not show him guilty of any conduct which would subject him to discipline under the substantive law as it existed on April 15, 1970 (RCA 3.330 or 3.130). This argument was fully considered and answered by this court, contrary to respondent's contention, in *Kentucky Bar Association v. Vincent*, Ky., 537 S.W.2d 171 (1976).

Respondent further charges that Part III of the Rules of the Supreme Court of Kentucky fails to provide for procedural due process of law and denies the equal protection of the law. This charge is not directed at the procedure and proceedings which took place before the trial committee, but is directed at the proceedings before the Board of Governors and the proceedings before this court. A review of the record discloses that the respondent was afforded a due process hearing at each phase of the proceedings.

Lastly, respondent contends that if he is to be given further embarrassment by disciplinary findings, the court should follow the recommendation of the trial committee. After a review of the entire record, we concur with the finding of the Board of Governors that respondent is guilty as charged. Compassion is a virtue too often lost from sight when condemning the fail-

 

ings of another. Not so with this court, but we must bear in mind that, "The moving finger writes; and, having writ, moves on: Nor all your piety nor wit shall lure it back to cancel half a line nor all your tears wash out a word of it." (Omar Khayyam).

The recommendations of the Board of Governors are accepted, except insofar as it recommends respondent's suspension for nine months. Respondent is suspended from the practice of law for a period of six months, cf. *Kentucky Bar Association v. Vincent,* supra, and is ordered to pay the costs of these proceedings.

All concur.