**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**Daniel T. TAYLOR, III, Respondent.**

Supreme Court of Kentucky.

Sept. 3, 1976.

Rehearing Denied Jan. 28, 1977.

Leslie G. Whitmer and John T. Damron, Kentucky Bar Ass'n, Frankfort, for complainant.

Robert Allen Sedler, Lexington, Patrick M. Flannery, Jr., Covington, for respondent.

Daniel T. Taylor, III, pro se.

PER CURIAM.

This is a disciplinary proceeding against Daniel T. Taylor, III, a member of the Kentucky bar.

On February 1, 1974 respondent entered a plea of nolo contendere [1] to an information charging him with the offenses of wilfully failing to file federal income tax returns for the years 1968, 1969 and 1970 in violation of 26 U.S.C. § 7203. The United States District Court for the Western District of Kentucky at Louisville sentenced him to imprisonment for one year on each count. The sentences were to be served concurrently. The first 30 days were to be served in a jail type institution, the balance was suspended and the respondent was placed on probation for a period of two years thereafter.

On January 29, 1975 the complainant commenced disciplinary proceedings against the respondent charging that the foregoing constituted "unethical and/or unprofessional conduct and the same is calculated to bring the bench and bar of the Commonwealth of Kentucky into disrepute".

The charge was referred to a trial committee. A hearing was held. The committee found the respondent guilty as charged and recommended that the respondent be suspended from the practice of law for a period of 6 months.

The recommendation of the trial committee was reviewed by the board of governors of the complainant. The board found him guilty as charged by a vote of 10 to 6. The board recommends to this court by a vote of 9 to 7 that respondent be issued a public reprimand. The minority votes are for a recommended period of suspension of 6 months.

Our opinions in *Kentucky Bar Association v. Vincent,* Ky., 537 S.W.2d 171 (1976) and *Kentucky Bar Association v. Trimble,* Ky., 540 S.W.2d 599 (rendered August 20, 1976) are fully dispositive of the issues presented here. It would serve no useful purpose to rehash the obvious and expand this opinion by repetition of principles previously announced.

The respondent is guilty as charged. He is suspended from the practice of law for a period of 6 months and directed to pay the costs of this action.

All concur.

---

1. In disciplinary actions a plea of nolo contendere is deemed to be the equivalent of a plea of guilty. *Kentucky Bar Association v. King,* Ky., 535 S.W.2d 83 (1975); *Maryland State Bar Association, Inc. v. Agnew,* 271 Md. 543, 318 A.2d 811 (1974).