**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**H. Randolph KRAMER, Respondent.**

Supreme Court of Kentucky.

June 10, 1977.

Rehearing Denied Oct. 7, 1977.

Leslie G. Whitmer, Director, John T. Damron, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

Richard T. Ford, Owensboro, for appellee.

PER CURIAM.

This is a disciplinary proceeding against H. Randolph Kramer, a member of the bar. A criminal information filed in United States District Court for the Western District of Kentucky charged Kramer with failure to file federal income tax returns for income received by him during the years 1970, 1971, and 1972.

Kramer was convicted on his plea of *nolo contendere* on three counts of failure to file income tax returns in violation of Section 7203, Internal Revenue Code and Title 26, United States Code, Section 7203. The offense of failing to file an income tax return is a misdemeanor. A fine of $7,500 was imposed on Kramer, and he was sentenced to one year on each count to be served concurrently and further ordered to serve the first sixty days in jail with probation directed for an additional two years. He served two weeks in jail, the balance being remitted.

The Kentucky Bar Association initiated disciplinary proceedings against Kramer charging unprofessional and unethical conduct calculated to bring the bench and bar in disrepute, RAP 3.130.

The facts as outlined above were stipulated before the trial committee, and aside from copies of the judgment and order sentencing, no further proof was introduced by the Kentucky Bar Association. The trial committee heard testimony by Kramer, in his own behalf, and that of witnesses introduced for him. This testimony is essentially as to Kramer's good character and good reputation as a practicing lawyer and was introduced in mitigation.

The trial committee found Kramer guilty and recommended suspension from the practice of law for a period of two months.

The board of governors of the Kentucky Bar Association considered the record and the report of the trial committee, found Kramer guilty as charged and recommended a penalty of six months' suspension from the practice of law.

In his testimony, Kramer stated, " . . . the mitigating circumstances don't seem to go very far," followed by a recitation of very substantial income over the years and previous payments of income tax in the five-figure range. Then he said, " . . . this may not be an excuse but it was my feeling at the time, I was just so sick and disgusted with Richard Nixon and the administration that I had a mental block about even filling the damn form out and I have paid dear for my feelings."

Kramer asserts that the finding of guilty is not supported by evidence, is denial of due process of law, is judicial enlargement constituting an *ex post facto* law, and is denial of equal protection of the law.

All the assertions made by Kramer attack our opinion in *Kentucky Bar Association v. Vincent*, Ky., 537 S.W.2d 171 (1976).

We have examined the record and have re-examined *Vincent*. We are of the opinion that *Vincent* is dispositive of the proceeding and are not persuaded that we should withdraw from *Vincent* in any respect.

Proof of the conviction introduced by the Kentucky Bar Association is in itself sufficient to make out a case. The Bar Association is not required to introduce proof of the manner in which the conviction brought the bench and bar into disrepute.

■ We do not consider RAP 3.130 to be so vague as to be constitutionally infirm, nor do we consider that *Vincent* created an *ex post facto* law by judicial enlargement.

■ We do not comprehend Kramer's assertion that he was denied equal protection of the law. If to single out the lawyer who commits the offense from all others, as

argued by Kramer, means all other occupations and professions, we can only say that our responsibility and concern is limited to lawyers by the provisions of Section 116 of the Kentucky Constitution and our rules applicable to disciplinary matters.

We are of the opinion that a substantial law practice, a fine reputation as a lawyer, and disenchantment with a national administration are not extenuating circumstances so as to distinguish this proceeding from *Vincent* and *Kentucky Bar Association v. Trimble*, Ky., 540 S.W.2d 599 (1976).

■ We are of the further opinion that the conduct of Kramer constituted unethical and unprofessional conduct.

The recommendations of the board of governors is accepted. Kramer is suspended from the practice of law for a period of six months, and he is required to pay the cost of this proceeding.

REED, C. J., and CLAYTON, JONES, LUKOWSKY, STERNBERG and STEPHENSON, JJ., sitting.

All concur.

PALMORE, J., not sitting.