**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**James S. SANDIDGE, Respondent.**

Supreme Court of Kentucky.

Sept. 19, 1978.

Leslie G. Whitmer, Director, Kentucky Bar Ass'n, Frankfort, for complainant.

James S. Sandidge, Owensboro, for respondent.

PER CURIAM.

This is a disciplinary proceeding against James S. Sandidge, a licensed attorney of the Kentucky Bar who began his active practice in Kentucky prior to 1973. An indictment was filed against him in the United States District Court for the Western District of Kentucky, at Owensboro, charging him with five counts of making false oaths, in violation of Section 152, Title 18, USC, and twelve counts of knowingly and fraudulently appropriating to his own use property belonging to another, in violation of Section 153, Title 18, USC. On February 16, 1978, the United States nolle prosed eight of said charges, and the respondent entered a plea of guilty to the remaining nine charges. He was sentenced to serve five years on each of the nine charges; each of said sentences was ordered to be served concurrently, for a total sentence of five years.

On March 3, 1978, pursuant to SCR 3.165, a petition for the temporary suspension of respondent from the practice of law in Kentucky was duly filed by the Inquiry Tribunal of the Kentucky Bar Association. On March 6, 1978, an order was entered by this court temporarily suspending respondent from the practice of law from the date of the order. On May 9; 1978, the Inquiry Tribunal filed a writing with the director of the association charging that the said conduct of the respondent constituted unethical and unprofessional conduct calculated to bring the bench and bar of Kentucky into disrepute. The Board of Governors of the association filed its decision with the clerk of this court on August 16, 1978, recommending that the respondent be disbarred. In due time these proceedings came before this court. Respondent was charged with having embezzled in excess of $96,000. In *Kentucky Bar Association v. Vincent*, Ky., 537 S.W.2d 171 (1976), this court held that the conviction of an attorney for the wrongful use of a client's money in and of itself constituted unethical and unprofessional conduct calculated to bring the bench and bar into disrepute.

The respondent was given due and timely notice of all proceedings and, although having been so notified, he has filed no response but has remained mute before this court. We have not been shown any extenuating circumstances which would justify this court to consider respondent's conduct anything less than unprofessional and unethical and calculated to being the bench and bar of Kentucky into disrepute.

The order of temporary suspension dated March 6, 1978, was issued for good cause. The decision of the Board of Governors of the Kentucky Bar Association unanimously recommending that respondent be disbarred should be and it is approved.

The respondent, James S. Sandidge, is disbarred from the practice of law in this Commonwealth, and ordered to pay the costs incurred in this proceeding as directed by SCR 3.450. The respondent shall comply with the provision of SCR 3.390.

All concur except PALMORE, C. J., who did not sit.