KENTUCKY BAR ASSOCIATION, Complainant,

v.

Harold D. RICKETTS, Respondent.

Supreme Court of Kentucky.

May 13, 1980.

Leslie G. Whitmer, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

Harold D. Ricketts, Bowling Green, William A. Miller, Sr., Louisville, for respondent.

PER CURIAM.

This is a disciplinary action filed by the complainant, the Kentucky Bar Association, pursuant to SCR 3.160, et seq.

On September 5, 1979, this court, pursuant to a request from the Inquiry Tribunal of the Kentucky Bar Association, entered an order temporarily suspending the respondent from the practice of law. SCR 3.165. On October 4, 1979, we denied the respondent's motion to dissolve that order.

On October 23, 1979, the Inquiry Tribunal issued a charge that respondent had engaged in unethical and unprofessional conduct tending to bring the bench and bar into disrepute. SCR 3.130. The respondent filed an answer in which he admitted the factual allegations of the charge, but denied that, as a matter of law, the conduct constituted unethical and unprofessional conduct. The Inquiry Tribunal then submitted the record to the Kentucky Bar Association Board of Governors. SCR 3.210.

The respondent did not request an evidentiary hearing before the Inquiry Tribunal or the Board of Governors. On January 19, 1980, the Board of Governors, by a unanimous vote, found the respondent guilty and recommended that he be permanently disbarred from the practice of law. Notice for review was then filed with this court. SCR 3.370(6).

The facts leading to this disciplinary action are undisputed. In 1977, the respondent represented a client in a claim for workmen's compensation benefits, and negotiated a lump-sum settlement in the amount of $22,430.00. A check for this amount was sent to respondent by the insurance carrier, and the check was properly endorsed and delivered to the client. Approximately two weeks later, the insurance carrier inadvertently and mistakenly issued a second check in the identical amount, payable to respondent and his client. Respondent advised his client that the check was issued in error and would have to be returned to the insurance company. He then had his client endorse the second check and some two months later deposited it in a checking account designated as "Harold D. Ricketts Attorney Special Account." Over the next four months, respondent spent the entire proceeds of the second check on various personal expenses. He never informed his client of his actions and made no effort to return the check or to notify the insurance carrier of its receipt. Some 22 months after the delivery of the second check, the insurance company discovered its mistake and made a demand for repayment, and respondent repaid the entire amount after prevarication.

The Board of Governors determined that the misappropriation of the second check and the use of said funds for personal purposes were "basically and fundamentally dishonest." Respondent argues that he was under no duty to return the funds until a demand for repayment was made, and that his failure to do so and his expenditure of the money does not constitute such conduct as would merit disbarment. Respondent also contends that he was denied due process of law because no evidentiary hearing was held, and he attacks the standards set out in SCR 3.130 as too vague to be legally enforceable. Unfortunately, in his brief, respondent does not favor us with any legal precedent or authority to explain or justify these arguments.

The procedure for disciplining of an attorney is clear in requiring an evidentiary hearing if a respondent raises a question of fact. SCR 3.210(1). If there are only issues of law, the matter is sent by the Inquiry Tribunal to the Board of Governors. As we

said, the formal answer of the respondent to the charge filed by the Inquiry Tribunal admitted the factual allegations of the charge. Further, respondent did not request an evidentiary hearing before either the Inquiry Tribunal or the Board of Governors. Under these circumstances, and familiar principles of law, respondent had a fair hearing which satisfied the requirements of due process. *Kentucky Bar Association v. Burbank*, Ky., 539 S.W.2d 312 (1976).

■ We also find no merit in respondent's contention that the basis of the charge is too vague. This same contention has been rejected by this court in previous cases, and we again reiterate our belief in the validity of SCR 3.130. *Kentucky Bar Association v. Kramer*, Ky., 555 S.W.2d 245 (1977); *Kentucky Bar Association v. Vincent*, Ky., 537 S.W.2d 171 (1976).

■ We now address ourselves to the question of whether respondent's actions constitute "unprofessional or unethical conduct tending to bring the bench and bar into disrepute." It is clear that respondent knew that neither he nor his client was entitled to any of the proceeds of the second check. He obtained his client's endorsement on the check nearly two months before the check was deposited. He deposited the check in a special account, after informing his client that the check should be returned to the insurance carrier. These facts show that respondent had a plan to keep the check for his own use.

Respondent retained money which was not his, misrepresented facts to his client, and then expended the funds for personal expenses. Only when his misuse of the money was discovered and demand for its repayment was made (nearly two years later) did he act responsibly and properly. We have no choice but to assume that if the mistake had never been discovered, respondent would never have refunded the insurance company's money.

Every attorney in this Commonwealth has the obligation, positive in nature, to see that his or her conduct is above reproach.

Our profession is an old and honored one. No attorney should ever do anything that reflects less than absolute respect for and compliance with the law. It is indisputable that the actions of the respondent in this case constitute an unacceptable course of conduct for a lawyer. We believe the recommendation of the Board of Governors that the respondent be disbarred from the practice of law is proper.

It is the judgment of this court that Harold D. Ricketts be permanently disbarred from the practice of law in Kentucky and that he be required to pay the costs of this action.

All concur.