COMMONWEALTH of Kentucky, Appellant,

v.

The HILLHAVEN CORPORATION, Appellee.

Court of Appeals of Kentucky.

Dec. 28, 1984.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court April 24, 1985.

David L. Armstrong, Atty. Gen., Roy Gray, Asst. Atty. Gen., Richard E. Plymale, Deputy Asst. Atty. Gen., Frankfort, Raymond Naber, Jr., Asst. County Atty., Louisville, for appellant.

John L. Smith, Barnett & Alagia, Bradley R. Hume, Louisville, Robert Fabrikant, Washington, D.C., for appellee.

Before CLAYTON, HOWERTON and REYNOLDS, JJ.

CLAYTON, Judge.

On December 22, 1982, the present appeal began as a complaint filed in the Jefferson District Court by the Medicaid Fraud Control Unit of the Kentucky Attorney General's Office. The Attorney General charges by that complaint that the appellee, Hillhaven Corporation, violated KRS 508.070 and KRS 502.050 relating to wanton endangerment. The affidavit accompanying the complaint accuses employees of Hillhaven, a 180-bed nursing home located in Louisville, Kentucky, of engaging in conduct wantonly endangering Viola Fitzgerald by their failure to provide necessary and proper care to her while she was a patient. Listed as examples of this conduct are the failure to provide adequate skin care, nutrition, sanitary care, laboratory work, and medications.

In response to these charges, Hillhaven entered a plea of not guilty on January 21, 1983. The corporation later moved the Jefferson District Court at pretrial hearing to accept a plea of nolo contendere and acknowledged its willingness to pay the maximum fine of $10,000. On April 22, 1983, the district court entered an order accepting the corporation's plea. The sole authority cited by the district court in support of this power is an opinion letter of the Attorney General's Office, 76–174, stating in part, "Nor has that plea [nolo contendere] been utilized in Kentucky as a frequent method of disposition."

The Commonwealth appealed the order of the district court to Jefferson Circuit Court on June 1, 1983. The circuit court entered on November 30, 1983, its judgment supporting the order. Cited in the judgment as authority for affirmation is KRS 532.025(1)(a) which directs the court to consider a defendant's prior pleas of nolo contendere during a presentence hearing involving the death penalty. The Court then comments that,

"Obviously, the directive to consider prior nolo contendere pleas does not designate the court of origin of the pleas, but does at least indicate that such pleas are to be considered, and therefore are not totally unconsidered in Kentucky criminal law."

Based solely upon this reasoning the circuit court found there to be no abuse of discretion. Appeal was subsequently taken to this court.

The Commonwealth founds its argument in support of reversal in the Kentucky Rules of Criminal Procedure (RCr). The state reads rules RCr 8.08 and RCr 8.12 as effectively prohibiting the acceptance of a plea of nolo contendere in a criminal case. In pertinent part, the two rules read,

RCr 8.08 Pleas

*A defendant may plead not guilty or guilty.* The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

and

RCr 8.12 Pleadings

Pleadings in criminal proceedings shall be the indictment, information, complaint or uniform citation, and the plea of *guilty or not guilty. No other plea,* demurrer, or motion to quash *shall be used,* and defenses and objections that before the effective date of these rules could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief. (our emphasis).

Official commentary to RCr 8.08 adds that the rule is Federal Criminal Rule 11 "with the plea of nolo contendere omitted." As further weight for its position, the state also points out that the Kentucky Supreme Court refused to adopt the 1980 recommendation of the Criminal Rules Revision Committee to amend RCr 8.08 and 8.12 to provide for a plea of nolo contendere. The Commonwealth then concludes its argument by pointing out various flaws in the opinions of the district and circuit court, and by distinguishing Attorney General Opinion 76–174 and KRS 532.025(1)(a).

The appellee corporation goes to no small effort to convince us that the courts of the Commonwealth have, via the common law, the inherent power to accept pleas of nolo contendere, regardless of the criminal rules express prohibition of all pleas other than guilty or not guilty. Reasoning that section 233 of the Kentucky Constitution adopts the law of Virginia as of 1792, including the power of Virginia Courts to enter nolo contendere pleas, the corporation concludes that Kentucky Courts, therefore, must have the same inherent power. With respect to RCr 8.08 and 8.12, the appellee maintains that the two rules do not abrogate this common law power as they are not clearly repugnant to the common law rule nor indicative of legislative intent to overturn it. This is so, the appellee explains, because at common law a plea of nolo contendere was not a plea, but simply a defendant's declaration that he will not contest prosecution. Furthermore, it is argued that the commentary to RCr 1.04 indicates that the rules should be construed to eliminate unjustifiable expense and delay which would supposedly occur were we to reverse. In the final portion of its first argument, Hillhaven refers to the Attorney General's Opinion and statute mentioned above along with three recent Kentucky judicial decisions to demonstrate that Kentucky Courts have been aware of this inherent common law power both before and after adoption of the present rules. The balance of its brief is then devoted to an extended discussion of policy reasons supporting the application of a nolo contendere plea in the present situation.

■ Having examined in detail the arguments of both parties, we are persuaded that the Commonwealth's position is the more soundly reasoned one. The language of RCr 8.12 as construed according to "common and approved usage of language," KRS 446.080(4), expressly prohibits the use of any pleas except guilty or not guilty. Thus, the rule is clearly repugnant to the supposed common law power of the courts of the Commonwealth to enter pleas of nolo contendere, assuming that such power did at one time exist. As a matter of policy, acceptance of a plea of nolo contendere may well serve a beneficial purpose in the administration of the criminal justice system. However, we do not sit as a policymaking body. Our function in this instance is to construe the rules and the common law, neither of which lends any support for the recognition of an existing common law power of the courts to enter at their discretion a plea of nolo contendere. Where a rule of criminal procedure such as RCr 8.12 clearly states that "Pleadings in criminal proceedings shall be ... guilty or not guilty. No other plea ... shall be used....," any conflicting common law rule is without effect, including the asserted power of Kentucky Courts to, at their discretion, accept a plea of nolo contendere. RCr 8.12 is totally repugnant to the inherent power appellee seeks to have recognized. Whether one quibbles over semantics of nolo contendere as a plea or merely a declaration of refusal to protest prosecution, the fact remains that no judicial opinions, statutes or opinions of the Attorney General have directly recognized the existence of the appellee's common law power either before or after adoption of the 1962 version of the present rules of criminal procedure. Even the most cursory review of the appellee's cited authority reveals this to be so.

*Duncan v. Wiseman Baking Company,* Ky., 357 S.W.2d 694 (1961), is a motor vehicle collision case involving first, the question of a jury instruction on the duty

of a driver to place road flares; and second, the issue of contributory negligence. In the opening statement of facts, the court mentions in passing that the defendant drivers entered a plea of nolo contendere in Webster Quarterly Court and were fined. From this dicta the appellee proclaims "Indeed, in at least one published case, the Court of Appeals has acknowledged nolo pleas accepted by a lower court." We disagree. No question involving the plea or its propriety was then before the court. The legal analysis contained in the opinion never mentions criminal pleading, and instead concentrates on questions of duty and negligence. In short, the court does nothing more in *Duncan, supra,* than make a passing reference to what may well have been an erroneously accepted plea. Since this decision predates adoption of the 1962 rules, it is, moreover, largely irrelevant to the question of the current status regarding the plea.

Hillhaven adds that developments since 1962 "support the continued vitality of the nolo plea in the Commonwealth." Two disciplinary actions involving members of the state's bar association are then cited. Neither of those cases involves the Kentucky Rules of Criminal Procedure. In *Kentucky Bar Association v. Taylor*, Ky., 549 S.W.2d 508, 509 (1977), an attorney defendant entered a plea of nolo contendere in the United States District Court for the Western District of Kentucky. The charges which the defendant refused to contest involved willfully failing to file federal income tax returns in violation of 26 U.S.C. § 7203. Thus, from the outset the court in *Taylor* was faced with a violation of a federal statute placed before a federal court where pleas of nolo contendere have long been accepted. Fed.Rule of Crim. Proc. 11. In a footnote to the opinion, the comment appears that nolo contendere pleas are deemed the equivalent of a plea of guilty in disciplinary actions. *Taylor, supra* at 509 n. 1. What in effect the court is recognizing, as KRS 532.025(1)(a) recognizes, is that nolo contendere pleas entered in foreign or federal jurisdictions permitting such pleading may be taken into consideration by the courts of this state in disciplinary actions, and in sentencing in death penalty actions. This is not the equivalent of recognizing an inherent common law power of Kentucky Courts to accept such pleas. No Kentucky Courts accepted a plea of nolo contendere in either of the disciplinary actions cited. In *Kentucky Bar Association v. King*, Ky., 535 S.W.2d 83, 84 (1976), the defendant attorney involved entered a plea of nolo contendere to charges of conspiracy to commit a felony under Chapter 833.04 of the Florida statutes. The circuit court for the Sixth Judicial District of Florida accepted the attorney's plea, and granted a judgment suspending sentence with five years' probation. This court found the suspended sentence and probation to be the equivalent of a conviction, "regardless of the plea." *Id.* Therefore, neither *Taylor* nor *King* supports a claim of continued vitality in Kentucky of the plea of nolo contendere. On the contrary the decisions more naturally lend themselves to the position of the Commonwealth, and by analogy its interpretation of KRS 532.025(1)(a). This statute is simply the legislature's means of permitting Kentucky judges to take the plea into consideration as evidence during a presentencing in a Kentucky death penalty case. The statute reveals nothing on the issue of whether the courts of the Commonwealth may accept such a plea.

Finally, neither *McNab v. State*, 42 Wyo. 396, 295 P. 278, 279–80 (Wyo.1931), or *Schad v. McNinch*, 103 W.Va. 44, 136 S.E. 865, 866–67 (W.Va.1927), clarify matters. For though the plea of nolo contendere was judicially recognized in Wyoming and West Virginia, in the face of statutes making no express provision for such plea, no express exclusion of all pleas other than guilty or not guilty, as is presently included in our criminal rules, was found in the rules of procedure of either state. These two opinions then, like the other authorities Hillhaven refers to as reflecting an existing judicial acceptance of the plea, are nonpersuasive.

In short, no authority supports the existence of an inherent discretionary power in the Kentucky courts to accept the plea of nolo contendere. The language of RCr 8.12 "construed according to common and approved usage of language," KRS 446.-080(4), excludes all pleas other than guilty or not guilty. Whether this broad exclusion represents the soundest policy is a question best left to the legislature or the Kentucky Supreme Court. For us it is enough that the plain language of RCr 8.12 forbids acceptance of all but the two designated pleas.

The judgment of the Jefferson Circuit Court is reversed.

All concur.