**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**William F. BURBANK, Respondent.**

Supreme Court of Kentucky.

July 2, 1976.

Leslie G. Whitmer, Director Kentucky Bar Assn., John T. Damron, Asst. Director Kentucky Bar Assn., Frankfort, for complainant.

Lively M. Wilson, Stites, McElwain & Fowler, Louisville, for respondent.

PER CURIAM.

On July 22, 1975, the Kentucky Bar Association, through its inquiry tribunal, filed charges against William F. Burbank, a Louisville attorney and a member of the Kentucky Bar Association. The tribunal charged that Burbank engaged in unprofessional and unethical conduct as follows:

Count I—"In or about February and March, 1975, Respondent Burbank represented Virginia Collins, whose last known address is 200 S. 7th Street, Louisville, Kentucky 40202, in her negotiations for the purchase of real estate. In so doing, Respondent came into contact with real estate agents of the Paul Semonin Company of 4812 U. S. Highway 42, Louisville, Kentucky 40202, to wit: Evelyn Walker and Fred B. Hodapp. Respondent told Walker and Hodapp that if a sale resulted from negotiations on a particular property then the real estate commission must be split between the Paul Semonin Company and himself, thus, having the effect of forcing the seller, who is not Respondent's client, to pay Respondent a fee for the negotiations in which Respondent represented Collins, the buyer."

Count II—"Within the same facts and circumstances described in Count I above, Respondent was attempting to obtain a commission from the sale of real estate without being licensed as a real estate agent as required by KRS 324.020 and without representing a client in the scope of his duties as a practicing lawyer on a matter which causes the sale of real estate to be an incident thereto."

Burbank filed a response. He contended that he was representing a client in the purchase of real estate and performing certain professional acts within the scope of his duties as an attorney. The inquiry tribunal determined that Burbank's response raised issues of law and not of fact.

Burbank's counsel, in a letter to the director of the Kentucky Bar Association, agreed that there were no factual issues involved. Later Burbank requested this court to remand the case to the Board with directions that a trial committee receive further evidence. The motion to remand was denied by this court. The Kentucky Bar Association contends that it was unethical for Burbank to split a commission with a real estate agency when he was not a licensed real estate agent. The Bar Association also contends that since Burbank was not a licensed real estate agent, his conduct violated the standards of conduct outlined in the Code of Professional Responsibility.

The thrust of Burbank's argument is that his submission of an offer to purchase real estate with the provision that the selling agent split the commission with the buyer is not a violation of the Code of Professional Responsibility.

The facts are relatively simple. In early 1975 Burbank entered into negotiations on behalf of another Louisville attorney (now his wife) for the purchase of certain real estate. After viewing two residential lots shown by agents of the Paul Semonin Company, Burbank proposed oral contracts on two properties and one written proposed contract. These contracts included a provision that the seller would pay a commission to be divided between the Paul Semonin Company's agent and Burbank. None of the contracts were consummated.

Burbank admitted the negotiations. However, he now argues he was not seeking a commission for himself. His desire was to lower the costs to the buyer.

■ When the issues were joined the matter was referred to the Board of Governors of the Kentucky Bar Association. The Board adjudged Burbank guilty. It recommended to this court that Burbank be publicly reprimanded and required to pay the costs in this action. A review of the record in this case convinces this court that Burbank's conduct in requesting a split in the fee was unethical, and was of the type calculated to bring the profession into disrepute.

■ The practice of law is an honorable profession. No lawyer should ever do any act or acts that would in any way reflect upon the honorable profession of the law. Every lawyer worthy of the profession should, like "Caesar's wife, be above suspicion." [1]

This court is not unmindful of the quips and attacks on the integrity of the legal profession through the years. Nevertheless, the legal profession is regarded as a highly responsible and noble profession.

One who chooses to be an advocate—to be a lawyer, selects a profession that is among the most exalted that ever engaged ambitious and intellectual men.

As the Bicentennial is celebrated this year, the court is mindful that a majority of the delegates to the Constitutional Convention were lawyers. Their actions and their deeds in formulating the Constitution are fitting examples of a profession to which the present and posterity must look to the preservation of what is cohesive in our social organism.

". . . Because of his position in society, even minor violations of the law by a lawyer may tend to lessen public confidence in the legal profession. Obedience to law exemplifies respect for law. To lawyers especially, respect for the law should be more than a platitude." [2]

■ The standards of conduct of a lawyer, outlined in the Code of Responsibility are guidelines for every member of the bar. Burbank failed to adhere to the guidelines. He assumed his license to practice law gave him a license as a real estate agent. His complaint about the Kentucky Real Estate Commission is not relevant here. That is a matter that addresses itself to that agency.

A review of this record convinces this court that the action of the Board of Gover-

1. Plutarch Lives; Julius Caesar, Sec. 10.

2. American Bar Association Code of Professional Responsibility, E.C. 1–5.

nors in recommending a public reprimand of Burbank was proper.

It is the judgment of this court that William F. Burbank be publicly reprimanded and that he be required to pay the costs of this action.

All concur except STERNBERG, J., not sitting.