**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Ralph H. RICHARDS, Respondent.**

**89–SC–944–KB.**

Supreme Court of Kentucky.

Sept. 6, 1990.

Reconsideration Denied Oct. 18, 1990.

Scott D. Majors, Asst. Bar Counsel, Kentucky Bar Ass'n, Frankfort, for complainant.

Ralph H. Richards, Louisville, pro se.

## OPINION AND ORDER

Respondent has been charged by the Kentucky Bar Association through the Inquiry Tribunal with two counts of violating the Disciplinary Rules. Count I charged violations of DR 6–101(A)(3) prohibiting an attorney from neglecting a legal matter entrusted to him, and DR 7–101(A)(3) prohibiting an attorney from prejudicing or damaging his client during the course of the professional relationship. Count II charged a violation of DR 9–102 requiring an attorney to preserve the identity of client funds.

In October of 1976, respondent was retained as counsel of record for the estate of George A. Hamilton. The charges against respondent were filed by the executor of the estate in 1987 at which time no final settlement had been filed.

Count I stems from the fact that no accounting of monies or property had been filed and only one accounting had been prepared and provided to the executor. Additionally, the respondent had failed to file with the Clerk of the Jefferson District Court periodic settlements of the estate as required by Kentucky law. At the time these charges were made, eleven years had passed without closing the estate.

Count II charged that in June of 1986, the respondent prepared a closing settlement with regard to the sale of certain real property of the estate which reflected net proceeds of $909.66 from property sold in 1982. The charge contended that the funds obtained were not placed in a special account but were placed in respondent's personal bank account.

The respondent answered the charges and stated as to Count I he was never able to get the necessary information required to conclude the estate and as to Count II he did not commingle the funds.

The Trial Commissioner found, and the Board agreed, that respondent did not adequately inform the executor of his duties and responsibilities. The Board also agreed that the evidence clearly supported a finding that respondent failed to take appropriate action to close the estate during the eleven year period. The Trial Commissioner also found that although respondent handled the sale of the real property in 1982, no accounting in any form was provided the executor until June of 1986 and that respondent either commingled the proceeds of the sale with his personal funds or never deposited the funds at all. Respondent's testimony is confusing for at one point he stated that the funds were not deposited and at another point he admitted that he had deposited the funds into his own account. The Trial Commissioner gave respondent two opportunities to produce records which would indicate whether

the balance of his personal bank account had never been less than $909.66 since 1982 or indeed whether the money had ever been deposited at all. The respondent failed to produce any such records at two separate hearings.

The Board of Governors unanimously found respondent guilty of the ethical violations alleged in Counts I and II. A majority of the Board recommended that respondent be suspended from the practice of law for one year.

Respondent filed a response in this Court to the recommendations of the Board of Governors. In support of his request that the Board's recommendation be dismissed and he be found not guilty of any ethical violations, he attached the Final Settlement of the estate dated December 29, 1989, and various correspondence between respondent and the executor.

There is no explanation for the now thirteen year delay in closing the estate other than a statement by respondent that the executor was uncooperative. To the contrary, the KBA file contains numerous letters evidencing the executor's eagerness to assist in the settlement of the estate and requesting guidance. The executor inquired in April and June of 1985 as to why the estate had not been completed and received no response. He inquired again in October of 1985 and respondent requested certain information. This 1985 request is the first request for information supported by the evidence. The executor responded immediately that he had contacted the bank regarding the requested information.

Thereafter, there were attempts to secure certain records to finalize the estate but the statute of limitations (seven years) had expired on the length of time the bank is required by law to keep past records.

Regardless of the Final Settlement in 1989, the respondent did not timely respond to the executor's request for advice and direction and allowed thirteen years to pass before securing the settlement. Based upon the respondent's own testimony, the funds derived from the sale of real estate were not properly handled nor accounted for in a timely fashion. The Board does note in mitigation that respondent deposited $1,250.00 in an account on January 16, 1989 under the name of "Ralph Richards Escrow for George A. Hampton Estate" which represents the $909.66 plus interest. In his response, respondent did not explain the location of these funds from 1982 until 1989.

We adopt the decision of the Board of Governors and hereby suspend respondent from the practice of law for one year to run consecutively with respondent's one year suspension previously ordered by this Court on March 15, 1990. It is further ordered that the respondent is to pay the costs of these proceedings.

STEPHENS, C.J., COMBS, GANT, LAMBERT, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., not sitting.

Entered: September 6, 1990.

/s/ Robert F. Stephens
Chief Justice