**KENTUCKY BAR ASSOCIATION, Petitioner,**

v.

**John S. CLINE, III, Respondent.**

**No. 91–SC–453–KB.**

Supreme Court of Kentucky.

Aug. 29, 1991.

Gardner L. Turner, Barbara S. Rea, Asst. Bar Counsel, Kentucky Bar Ass'n, Frankfort, for petitioner.

Ned B. Pillersdorf, Prestonsburg, for respondent.

STEPHENS, Chief Justice.

In February 1991, a jury convicted attorney Cline of three felonies (unlawful transaction with a minor in the first degree, sodomy in the second degree, and sexual abuse in the first degree) and a Class A misdemeanor (unlawful transaction with a minor in the third degree). The Kentucky Bar Association, through the Chairman of the Inquiry Tribunal, petitioned for Cline's temporary suspension from the practice of law. On June 6, 1991, this Court issued an order that Cline show cause why he should not be temporarily suspended. In response, Cline urges that suspension would be premature and would cause him irreparable harm; he asserts that he is in fact innocent of the criminal charges, and that he fully expects to be vindicated upon conclusion of his pending appeal.

■ SCR 3.165–B provides that an attorney may be temporarily suspended by order of the Court when he has been convicted of a crime as set out in SCR 3.320 and it appears from the record of such conviction that he has so acted as to put in grave issue whether he has the moral fitness to continue to practice law. For purposes of this rule, it is not necessary that the judgment of conviction *establish* that the attorney does *not* in fact possess the moral fitness required for practice. The rule is satisfied when it *appears* from the conviction that he has so *acted* as to create a grave *issue* as to his moral fitness. The fact that Cline was convicted certainly creates the appearance—one might say the presumption, rebuttable by way of a successful appeal—that he acted as charged. We have no difficulty in concluding, and the respondent does not deny, that the commission of such acts places in grave issue an attorney's moral fitness to practice law.

■ The fact that Cline has appealed his conviction does not erase the appearance of guilt. No longer enjoying the presumption of innocence, he bears the burden of persuasion on appeal. Neither SCR 3.165 nor SCR 3.320 contemplates that temporary suspension must await the outcome of an appeal. Rule 3.165 becomes applicable upon conviction as defined in SCR 3.320. Rule 3.320 provides that upon *conviction* a copy of the *judgment* is to be filed with the Director for a disciplinary action under SCR 3.160, and that the Director shall submit copies of the judgment to the Tribunal who may take action for temporary suspension under SCR 3.165. The rules plainly intend that so long as the judgment of conviction remains valid, the attorney is subject to disciplinary proceedings and temporary suspension.

When the conditions of SCR 3.165 are satisfied, the Court in its discretion may order temporary suspension. Having considered the judgment of conviction, the petition, and the response to the order to show cause, we believe that temporary suspension is appropriate in the present case.

IT IS THEREFORE ORDERED that the respondent, John S. Cline, III, is temporarily suspended from the practice of law in this Commonwealth, until final disposition of all pending disciplinary charges against him or until further order of this Court. IT IS FURTHER ORDERED that within twenty (20) days from the date of the entry of this order, the respondent shall notify all clients in writing of his inability to continue to represent them, and shall furnish copies

of all such letters of notice to the Director of the Kentucky Bar Association.

All sitting. All concur.