**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**William L. PATRICK, Respondent.**

**No. 92–SC–476–KB.**

Supreme Court of Kentucky.

Dec. 17, 1992.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for movant.

Julius Rather, Lexington, for respondent.

## ORDER

The Board of Governors of the Kentucky Bar Association determined that the respondent, William L. Patrick, engaged in professional misconduct by committing a criminal act which reflected adversely on his fitness as a lawyer in violation of SCR 3.130–8.3(b). The Board recommended a one-year suspension from the practice of law.

The respondent was arrested in Fayette County, Kentucky on April 13, 1991 for driving under the influence of intoxicants. At the time of his arrest he was in possession of a quantity of cocaine and was subsequently indicted for possession of a Schedule II narcotic, a Class D felony. Respondent plead guilty to the D.U.I. charge and was ordered to pay fines and service fees amounting to $350.00 plus court costs. As to the charge of cocaine possession, he plead guilty to an amended charge of possession of a schedule II non-narcotic, a Class A misdemeanor. He was conditionally discharged for a period of two years, served a thirty day jail sentence in the Fayette County detention center and satisfactorily performed two-hundred hours of community service.

On October 16, 1991, the Inquiry Tribunal of the Kentucky Bar Association issued a two count charge against respondent alleging that his criminal conduct, as set forth above, was professional misconduct of the type prohibited by SCR 3.130–8.3(b). The Board of Governors reviewed the record and heard oral argument. By a vote of 16 to 1, the Board found that respondent's DUI conviction did not adversely reflect on his fitness as a lawyer and dismissed the charge. The Board unanimously agreed, however, that respondent's controlled substance conviction did adversely reflect on his fitness as a lawyer, and amounted to a violation of SCR 3.130–8.3(b). A majority of the Board recommended a one-year suspension.

Pursuant to SCR 3.370(9), this Court adopts the decision and recommendation of the Board of Governors as to all matters pertaining to the respondent William L. Patrick.

IT IS THEREFORE ORDERED:

That the respondent, William L. Patrick, be, and he is hereby, suspended from the practice of law in Kentucky for a period of one (1) year. The period of suspension shall commence on February 14, 1992, and continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

The respondent is directed to pay the cost of this action.

Pursuant to SCR 3.390, the respondent shall, within ten (10) days from the date of the entry of this order, notify all clients in writing of his inability to represent them and to furnish photostatic copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

ENTERED: December 17, 1992.

/s/ Robert F. Stephens
Chief Justice