**A. Norrie WAKE, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 93–SC–612–KB.

Supreme Court of Kentucky.

Sept. 2, 1993.

As Corrected Sept. 3, 1993.

A. Norrie Wake, pro se.

Bruce K. Davis, Executive Director, Barbara S. Rhea, Kentucky Bar Ass'n, Frankfort, for respondent.

### *OPINION AND ORDER*

A. Norrie Wake of Lexington was found guilty of mail fraud, a violation of 18 U.S.C. § 1341; misappropriation of funds in violation of 18 U.S.C. § 666 and conspiracy in violation of 18 U.S.C. § 371. The charges arise from a scheme where employees of the Fayette County Attorney's office were given excessive pay raises and these funds were then channeled back to pay Wake's accumulated campaign debt in his campaign for Fayette County Attorney. Such criminal conduct as established by the convictions violates SCR 3.130(8.3).

Wake now seeks to resign his license to practice law under terms of disbarment. His convictions are of such a nature as to put in grave issue his moral fitness to continue the practice of law. *KBA v. Cline,* Ky., 814 S.W.2d 925 (1991). The Kentucky Bar Association has indicated that the motion to resign his license is acceptable.

Therefore, it is ordered that A. Norrie Wake's motion to resign from the practice of law in the Commonwealth of Kentucky and the Kentucky Bar Association is granted. It is further ordered that:

1. Wake shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Wake shall not file an application for reinstatement for a period of five years from September 2, 1993.

3. Any application for reinstatement shall be governed by SCR 3.520, or any subse-

quent amendment thereto regarding reinstatement in case of disbarment.

4. All disciplinary proceedings against Wake shall be terminated and the costs thereof shall be paid by Wake in accordance with SCR 3.450(1) and SCR 3.480(3) in the sum of $7.70.

5. Pursuant to SCR 3.390, Wake is hereby ordered to provide notice to any clients he is currently representing of his inability to provide further legal services, to notify all courts in which he has matters pending of his resignation under terms of disbarment, and to provide the Director of the Kentucky Bar Association with a copy of all such letters.

All concur, except STEPHENS, C.J., not sitting.

ENTERED September 2, 1993.

/s/ Charles M. Leibson
Acting Chief Justice