**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Tina Louise NUNLEY, Respondent.**

**No. 94–SC–296–KB.**

Supreme Court of Kentucky.

May 26, 1994.

---

608

Gardner L. Turner, Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for KBA.

James R. Early, Lexington, for Nunley.

### ORDER OF TEMPORARY SUSPENSION

Pursuant to SCR 3.165, we have considered the petition of the Inquiry Tribunal, supporting documents, and the response and exhibits filed by the Respondent.

We conclude that reasonable cause exists to believe that Respondent has been convicted of crimes as set out in SCR 3.320, and it appears from the record of such conviction that she has so acted as to put in grave issue whether she has the moral fitness to continue to practice law. The crimes for which Respondent stands convicted, and for which sentence has now been imposed, were cultivating marijuana, less than five (5) plants, in violation of KRS 218A.1423(3)(a), and criminal attempt to obtain a controlled substance by fraud in violation of KRS 506.010.

In mitigation, Respondent argues as follows:

1) There was no violation of the attorney/client relationship involved;

2) She was not convicted of actually defrauding any entity;

3) She suffers from a dependency on morphine; and

4) She has voluntarily ceased practicing.

■ In order for temporary suspension to be appropriate, it is not necessary that the judgment of conviction establish that the attorney does not in fact possess the moral fitness required to practice, but only that it appears from the conviction that he or she has so acted as to create a grave issue about his or her moral fitness. *KBA v. Cline*, Ky., 814 S.W.2d 925 (1991). The attempt to obtain controlled substances through use of fraud creates such an issue. That she did not succeed in her attempt is irrelevant.

IT IS THEREFORE ORDERED that Respondent, Tina Louise Nunley, be and is hereby temporarily suspended from the practice of law in this Commonwealth until further order of this Court.

IT IS FURTHER ORDERED THAT:

1. Within twenty (20) days from the date of the entry of this order of suspension, Respondent shall notify all clients in writing of her inability to continue to represent them.

2. The temporary suspension of Respondent shall be effective with the entry of this order and shall continue in effect until such time as the merits of this disciplinary proceeding can be finally determined by this Court in accordance with SCR 3.370 or SCR 3.480 or until such time as Respondent can show good cause why the order of temporary suspension should be amended or dissolved.

3. Such portion of this proceeding as contained in this order shall be deemed a matter of public record at this time. All other portions of the record shall be afforded the confidentiality required under SCR 3.150 unless otherwise directed by this Court.

4. Respondent shall pay costs of the proceedings.

All concur.

ENTERED: May 26, 1994.

/s/ Robert F. Stephens
CHIEF JUSTICE