John W. POLK, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 94–SC–783–KB.

Supreme Court of Kentucky.

Oct. 27, 1994.

### OPINION AND ORDER

John W. Polk of Somerset entered a plea of guilty to one count of theft by failure to make required disposition of property, a Class D Felony, in violation of KRS 514.070, and one count of official misconduct in the first-degree, a Class A Misdemeanor, in violation of KRS 522.020.

These charges arose from his admission of misappropriation of funds received in his official capacity as Master Commissioner of Pulaski Circuit Court. An audit conducted by the Auditor of Public Accounts for the Commonwealth of Kentucky for the period February 1, 1991 through February 27, 1994, indicated that Polk, as Master Commissioner, paid himself fees in the amount of $73,698.10 more than he was entitled to receive.

Polk entered a plea of guilty to both charges and has agreed as part of his plea bargain to tender his resignation from the practice of law in Kentucky and as a member of the Kentucky Bar Association.

Polk also has admitted that his criminal conduct is in violation of SCR 3.130–8.3(a), (b) which provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer or to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

Polk acknowledges that he has a desire to terminate the disciplinary proceedings against him by surrendering his license to practice law in the Commonwealth of Kentucky under terms of disbarment.

692

The admission of the criminal conduct underlying the entry of a plea of guilty to both counts of the criminal information is of such a nature as to put in issue his fitness to continue to practice law and brings the legal profession into disrepute. *Cf. Kentucky Bar Assn. v. Cline,* Ky., 814 S.W.2d 925 (1991). The Kentucky Bar Association has indicated that his motion to resign his license under terms of disbarment is acceptable.

Therefore, it is ordered that the motion of John W. Polk to resign from the practice of law in the Commonwealth of Kentucky under terms of disbarment is granted.

It is further ordered that:

1) Polk shall not be permitted to engage in the practice of law in Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his license and membership in the Kentucky Bar Association.

2) Polk shall not file an application for reinstatement for a period of five years from October 27, 1994.

3) Any application for reinstatement shall be governed by KRS 3.520 or any subsequent amendment thereto regarding reinstatement in case of disbarment.

4) All disciplinary proceedings against Polk shall be terminated and the cost thereof shall be paid by him in accordance with SCR 3.450(1) and SCR 3.480(3).

5) Pursuant to SCR 3.390, Polk is hereby ordered to provide *notice to* any clients he currently represents of his inability to provide further legal services, to notify all courts in which he has matters pending of his resignation under terms of disbarment and to provide the director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

STEPHENS, C.J., and LEIBSON, REYNOLDS, SPAIN, STUMBO and WINTERSHEIMER, JJ., concur.

LAMBERT, J., not sitting.

ENTERED: October 27, 1994.

/s/ Robert F. Stephens
Chief Justice