**Tina Louise NUNLEY, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

**No. 94–SC–917–KB.**

Supreme Court of Kentucky.

Dec. 22, 1994.

James Early, Lexington, for movant.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for respondent.

## OPINION AND ORDER

Movant, Tina Louise Nunley, has moved for permission to resign from the Kentucky Bar Association under terms of suspension for a period of two years, pursuant to SCR 3.480(3). Movant recites that the grounds for this motion stem from actions constituting a violation of SCR 3.130, Rule 8.3(b) and (c), which prohibit a lawyer from committing a criminal act that may reflect adversely upon the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, and the prohibition on engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Specifically, on March 4, 1994, movant pled guilty to one count of cultivating fewer than five plants of marijuana, a class A misdemeanor, and to one count of criminal attempt to obtain a controlled substance by fraud, a class A misdemeanor. The judgment of the Fayette Circuit Court sentenced movant to a maximum term of six months on each count, but withheld entry of the judgment imposing imprisonment and placed movant on a two year probationary period. Subsequently, an Inquiry Tribunal of the KBA issued a complaint against movant for violation of SCR 3.130, Rule 8.3(b) and (c). The Kentucky Bar Association stated no objection in its response to Nunley's motion to resign under the terms of a two-year suspension.

Therefore, the motion of Tina Louise Nunley to resign from the Kentucky Bar Association under terms of suspension is granted. It is further ordered that:

1. Movant shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating her license to practice law.

2. Movant shall not file an application for reinstatement for a period of two years from the date of entry of this order. Movant shall be required to show proof of rehabilitation and satisfactory completion of a remedial program addressing her problems with alcohol and narcotics abuse prior to filing any application for reinstatement of her license.

3. Any application for reinstatement filed by the movant shall be governed by SCR 3.510, reinstatement in cases of disciplinary suspension, or any subsequent amendment to SCR 3.510. The disciplinary proceeding represented by Kentucky Bar Association, File No. 4243, shall be terminated with the costs to be paid by the movant in accordance with SCR 3.450(1) and 3.480(3).

4. Movant shall comply with the provisions of SCR 3.390 regarding notice to all courts in which she has matters pending and to all clients for whom she is actively involved in representation of her inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Movant shall promptly return all active files to her clients.

5. Movant shall pay the costs of this proceeding.

All concur.

ENTERED: December 22, 1994.

/s/ Robert F. Stephens
CHIEF JUSTICE