**KENTUCKY BAR ASSOCIATION,**
**Petitioner,**

v.

**Benjamin J. HAYS, Respondent.**

**No. 96–SC–427–KB.**

Supreme Court of Kentucky.

Nov. 21, 1996.

Rehearing Denied Feb. 27, 1997.

## OPINION AND ORDER

The Respondent, Benjamin J. Hays, stands charged of two counts of professional misconduct. The first count charges him with accepting employment in a matter that was affected, or reasonably might have been affected, by his own financial, business, property or personal interests, in violation of DR 5–101(A) of the now-superseded Code of Professional Responsibility. The second count alleges a violation of DR 6–101(A)(3) of the Code, accusing Respondent of neglecting a legal matter entrusted to him. The Board of Governors of the Kentucky Bar Association ("KBA") unanimously found Respondent not guilty of the first count, but guilty as to the second count, and, by a vote of 9–to–5, recommended he receive a private reprimand. However, based upon our review of the facts, we believe that penalty to be too lenient a sanction for Respondent and hereby issue a public reprimand.

This matter arises out of the administration of the estates of Respondent's grandparents, J. Smith Hays and Mildred Hays. J. Smith Hays died on February 13, 1979. Pursuant to his will, Smith's sons, Frank and Taylor Hays, were appointed as the estate's executors. The will also named the two as trustees of a trust established to support Mildred for the rest of her life. Respondent—Frank's son, Taylor's nephew, and Smith's grandson—acted as attorney for the estate, in addition to representing Frank and Taylor in their capacity as executors and trustees. Respondent maintained the estate and trust records in his law office; by all accounts, Frank and Taylor relied heavily on Respondent's expertise for the "legal end" of the administration of the estate and the trust. Following Mildred's death on June 20, 1980, Frank also became executor of her estate. As with Smith's estate, Respondent

represented both Mildred's estate and Frank in his capacity as executor and trustee.

Unfortunately, in each case, Respondent failed to adequately advise the executors of their statutory and fiduciary duties, or to monitor their activities. As a result, Frank and Taylor did not timely file an inventory or any periodic settlements in Smith's estate, nor did they distribute Smith's assets in accordance with his will. Similarly, in his capacity as executor of Mildred's estate, Frank failed to comply sufficiently with the terms of her will or the relevant statutory filing requirements. Required documents were either never filed with the probate court, or filed late, and a trust set up by Mildred's will to support Taylor lacked adequate funding. Taylor eventually sought independent counsel and sued Frank in Clark Circuit Court, alleging breaches of fiduciary duty and mismanagement of Taylor's trust and Mildred's estate. Despite having once represented Taylor in matters relating to the estate, during the ensuing litigation, Respondent continued to act as Frank's attorney.

The trial court found in favor of Taylor, awarding him an additional $40,000 in income from the trust created by Mildred's will and ordering the corpus of the trust increased. In addition, due to Respondent's failure to perceive potential conflicts and advise the executors of their duties, the trial court denied him any fee for his work on the estates. This disciplinary action followed.

■ In making our decision in this matter, we note first that the recommendations of the Board of Governors are advisory in nature. SCR 3.360(1)(C); SCR 3.370(7). This Court makes an independent review of the record and findings of fact. *Kentucky Bar Ass'n v. Berry*, Ky., 626 S.W.2d 632 (1981). In light of the judgment in Taylor's civil action against Frank and our review of the record, we find Respondent guilty of both charges.

■ DR 5–101(A), effective through December 31, 1989, and thus controlling in this action, provided: "Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests." Although the record is somewhat lacking due to the death of Taylor Hays in 1991, we are left with little doubt that Respondent's judgment in this matter suffered as a result of his close ties to his father and his uncle. While there is, of course, no prohibition against representing family members in legal matters, and such representation does not necessarily lead to an adverse impact on an attorney's professional judgment, the facts of this case compel our conclusion.

During the administration of Smith's estate, Respondent allowed Frank and Taylor to distribute assets in an improper fashion and stood idly by while the two failed to follow statutory procedures. Respondent's ineffective oversight of Frank in the administration of Mildred's estate created similar problems. Nothing in the record suggests that Respondent did anything to remedy the situation. As Ethical Consideration 5–14 preceding DR 5–101(A) noted, "[m]aintaining the independence of professional judgment required of a lawyer precludes his acceptance *or continuation of* employment that will adversely affect his judgment or dilute his loyalty to a client." Code of Professional Responsibility EC 5–14 (emphasis added). Despite his apparent inability to supervise or control Frank and Taylor's actions as executors, Respondent continued to represent the respective estates of Smith and Mildred. In so doing, his representation of the estates suffered.

■ We also believe that Respondent's failure to end his representation of Frank despite Taylor's civil suit provides evidence of his dubious professional judgment. While dual representation of both Frank and Taylor may have posed no problem initially, an attorney's ethical obligations are not static. Once Taylor sued Frank, their interests became adverse. At that point, faced with the prospect of defending Frank against a suit brought by his former client in the same matter, Respondent should have withdrawn from representation. Instead, Respondent continued to act as Frank's attorney, even though he had once represented the adverse party—his uncle, no less—in the same mat-

ter. In our opinion, Respondent's decision is not indicative of clear and lucid professional judgment.

Finally, as the KBA points out, after Taylor's death, Respondent and his two siblings were to receive the corpus of Taylor's trust. As a result, it is entirely plausible that Respondent's independent professional judgment in funding and managing the trust could have been adversely affected. We are careful to note that we make no such finding of bad faith on Respondent's part. Instead, we merely point out that fact as additional support for the notion that Respondent should have recognized that his judgment reasonably could be adversely affected by his personal interests in this case. For the aforementioned reasons, we find Respondent guilty of violating DR 5–101(A).

Additionally, as a direct result of the facts discussed above, we also deem Respondent guilty of violating DR 6–101(A)(3), which stated that "[a] lawyer shall not ... [n]eglect a legal matter entrusted to him." Clearly, Respondent, experienced in matters of trusts and estates, failed to advise Frank and Taylor of their duties as executors, even though the two obviously relied upon him for guidance. As a direct result, both estates were mismanaged and the statutory requirements ignored. This Court previously disciplined an attorney for failing to adequately inform an executor of his duties and responsibilities in *Kentucky Bar Ass'n v. Richards,* Ky., 796 S.W.2d 363 (1990), and the facts of the instant case, while not as egregious, surely support a public reprimand.

Simply put, in this case, litigation might have been avoided had Respondent adequately informed Frank and Taylor of their duties as executors and supervised their activities. Instead, Respondent allowed his professional judgment to be affected by his personal interests and neglected to ensure the proper administration of the estates. Furthermore, once litigation ensued, Respondent, who would have been well-advised to withdraw from representation, continued to represent his father. Accordingly, we find Respondent, Benjamin J. Hays, guilty of violating DR 5–101(A) and 6–101(A)(3) and issue a public reprimand. The Kentucky Bar Association shall have from the Respondent recovery of costs in this matter in the amount of $2,547.00, pursuant to SCR 3.450(1).

All sitting. All concur.

ENTERED: November 21, 1996.

/s/ Robert F. Stephens
Chief Justice