KENTUCKY BAR ASSOCIATION, Complainant

v.

**Dan ROWLAND, Respondent.**

**No. 97-SC-860-KB.**

Supreme Court of Kentucky.

Feb. 19, 1998.

## OPINION AND ORDER

█ This is a disciplinary action in which the Board of Governors found Respondent, Dan Rowland, of Prestonsburg, Kentucky, guilty of unethical and unprofessional conduct in violation of SCR 3.130-8.3(b) and

3.130–8.3(c). The Board of Governors recommended public reprimand of Rowland, and that he pay costs of this action. The original Opinion and Order entered on January 22, 1998 mistakenly imposed a more severe penalty than that recommended by the Board of Governors. That Opinion and Order was vacated on January 30, 1998.

On December 17, 1996, Respondent pled guilty in Franklin District Court to an amended charge of criminal attempt to fail to pay employee withholding tax pursuant to KRS 141.990(5). He was sentenced to six months in jail and a $500.00 fine, suspended on the condition that he pay the taxes within forty-five days. On February 14, 1996, Respondent paid the monies to the Kentucky Revenue Cabinet.

A complaint was lodged against Respondent for violation of SCR 3.130–8.3(b) and 8.3(c) by the Inquiry Tribunal for his commission of the offense which resulted in his conviction. SCR 3.130–8.3(b) provides that "it is professional misconduct for a lawyer to commit a criminal act that affects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." Furthermore, SCR 3.130–8.3(c) provides that a lawyer may not engage in behavior that is dishonest, fraudulent, or deceitful.

 Respondent agreed not only in his response, but in his brief, that the complainant's statements of fact are true. However, Respondent argues that he has practiced law in the Commonwealth of Kentucky for twenty-five years with no prior record of disciplinary action against him. He further asserts that the offense to which he pled guilty did not harm any client, and that the misdemeanor was the product of severe economic conditions for which he has made full restitution and has been punished by the Franklin District Court. An attorney is not absolved from discipline simply because no clients were harmed by the attorney's misconduct. *Kentucky Bar Ass'n v. Patrick*, Ky., 842 S.W.2d 868 (1992); *Jones v. Kentucky Bar Ass'n*, Ky., 708 S.W.2d 637 (1986). The severe circumstances which he outlines are a painful divorce, a declining law practice, and a fire which destroyed his office and for which he was not insured. However, the

Board found Respondent guilty of both counts, and thus found Respondent's defenses were not persuasive. We are also unpersuaded, particularly in view of the fact that the offense was not an isolated event, but continued over a period of five years. Accordingly, the recommendation of the Board of Governors is hereby adopted pursuant to SCR 3.370(9).

IT IS THEREFORE ORDERED THAT:

1) Respondent is hereby publicly reprimanded.

2) In accordance with SCR 3.450, Respondent shall be responsible for the payment of the cost of the disciplinary investigation and proceedings in the amount of $130.23.

STEPHENS, C.J., COOPER, GRAVES, JOHNSTONE, LAMBERT and WINTERSHEIMER, JJ., concur.

STUMBO, J., not sitting.

ENTERED: February 19, 1998.

/s/ Robert F. Stephens
CHIEF JUSTICE