**Robert P. GETTYS, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2000–SC–0010–KB.**

Supreme Court of Kentucky.

Feb. 24, 2000.

**OPINION AND ORDER**

Movant, Robert P. Gettys, desires to terminate Kentucky Bar Association (KBA) proceedings against him by consenting to a suspension from the practice of law pursuant to SCR 3.480(3). The KBA has no objection to this motion.

Movant was admitted to practice law in the Commonwealth of Kentucky on March 5, 1973. On April 10, 1996, Movant was tried and convicted in the Kenton Circuit Court for criminal possession of cocaine, a felony, and driving while under the influence (DUI), a misdemeanor. Movant was automatically temporarily suspended from the practice of law in the Commonwealth, pursuant to SCR 3.166, by order of this Court dated June 20, 1996. On October 28, 1996, the Inquiry Tribunal issued a charge against Movant based on his felony conviction, alleging a violation of SCR 3.130–8.3(b), which states that it is professional misconduct for a lawyer to "[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." On November 22, 1996, Movant filed a Response in which he admitted to the felony conviction, but denied that his conduct violated SCR 3.130–8.3(b). The disciplinary action was held in abeyance until final resolution of his felony conviction. The Court of Appeals affirmed Movant's conviction on February 12, 1999.

Movant now moves this Court to terminate the disciplinary proceedings against him, pursuant to SCR 3.480(3) with entry of an order of his suspension from the practice of law in the Commonwealth of Kentucky for a period of 181 days. SCR 3.480(3) states in pertinent part:

> (3) Any member who has been engaged in unethical or unprofessional conduct and desires to withdraw his

membership shall file a verified motion with the Court stating as follows:

(a) He/she will seek reinstatement only after a stated period of time under the provisions of Rule 3.510 ... and under the provisions of the rules in effect at the time of the filing of an application for reinstatement.

(b) He/she will not practice law in the Commonwealth of Kentucky subsequent to his/her suspension or disbarment unless or until he/she is reinstated as a member of the Association by order of the Court.

(c) He/she will pay all costs of the disciplinary investigation and proceedings in accordance with Rule 3.450.

(d) He/she will comply with the provisions of Rule 3.390 regarding notice to clients of suspension or disbarment.

...

SCR 3.480(3)(a)–(d).

Movant admits that his criminal act of possession of cocaine reflects adversely on his honesty, trustworthiness and fitness as a lawyer within the meaning and intent of SCR 3.130–8.3(b). The KBA does not object to the motion to terminate the disciplinary proceedings by entry of the requested order of suspension.

Upon the foregoing facts and charges, it is therefore ordered that Movant's motion for termination of the disciplinary proceedings against him is hereby granted. It is further ordered that:

1. Movant, Robert P. Gettys, having already been suspended since June 20, 1996, is hereby suspended from the practice of law in the Commonwealth of Kentucky for an additional period of 181 days. The period of suspension shall commence on the date of entry of this Opinion and Order and continue until such time as Movant is reinstated to the practice of law by order of this Court pursuant to SCR 3.510 or any controlling amendment to SCR 3.510.

2. In accordance with SCR 3.450 and SCR 3.480(3), Movant is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $380.71, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390 and SCR 3.480(3), Movant shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

ENTERED: February 24, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE