David G. GRIGSBY, KBA
No. 87274, Movant

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2005–SC–0463–KB.

Supreme Court of Kentucky.

Dec. 22, 2005.

David Glenn Grigsby, Hazard, KY, Pro se, for Movant.

Bruce K. Davis, Executive Director, Dana Cox Nickles, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, KY, for Respondent.

## OPINION AND ORDER

David Grigsby, KBA No. 87274, whose bar roster address is 64 Twin Oaks Lane, Hazard, Kentucky 41701 was admitted to the practice of law in Kentucky on June 4, 1998.

On September 22, 2002, Grigsby was arrested for Promoting Contraband in the First Degree, a Class D Felony, and, Possession of a Controlled Substance in the First Degree, a Class D Felony. Grigsby was found seated in the passenger seat of his car, which was located off a gravel road in Perry County. The area was known to the officer to be a place of drug trafficking. There were two others in the car, the driver and a back seat passenger. The officer identified that Grigsby was intoxicated because his eyes appeared bloodshot, and he had slow and impaired speech. Also, the officer said Grigsby's demeanor was "nervous but relaxed," which was unlike that which he had observed of Grigsby while practicing in court.

In addition, the officer noted that there was a flattened and manipulated soda can lying in the mud near the car, but it had no mud or tire tracks covering it. In the officer's experience, a can manipulated as this one was used as an instrument in administering drug doses. The officer also observed several empty baggies around Grigsby in the passenger side. He administered field sobriety tests and determined Grigsby to be the only one intoxicated. Among other reasons, the officer arrested Grigsby lest he take control of his own vehicle again in the intoxicated state thereby risking injury to self and others.

Although Grigsby was questioned by the officer as to whether he was in possession of such substances, Grigsby refused to answer. Subsequent to arrest, a search of Grigsby's person yielded a bag of cocaine.

Through a plea bargain, on October 11, 2004, Grigsby pled guilty to Possession of a Controlled Substance, Third Degree, a Class A Misdemeanor. He received a sentence of 12 months, but the Perry County Court suspended the sentence and placed

him on unsupervised probation for twenty-four months.

Grigsby admits that his actions violated SCR 3.130–8.3(b), which provides, "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." He agreed to conditions set forth in the KBA's motion, including: submission to the Kentucky Lawyer Assistance Program, KYLAP, for two years, and a 61–day suspension from the practice of law probated for two years.

■ On August 25, 2005, this Court ordered review pursuant to SCR 3.370(9). The KBA filed a brief in support of the motion for consensual discipline. The recommended discipline remains the same, namely, a 61–day suspension probated for two years with conditions including monitoring by KYLAP. The nature of the offense, and the fact that Grigsby did not voluntarily enter KYLAP pursuant to SCR 3.950 prior to an arrest, are key to proper discipline in this case.

■ This Court has the sole authority to admit and discipline attorneys. SCR 3.010 *et seq.; Kentucky Bar Ass'n v. Shewmaker*, 842 S.W.2d 520 (Ky.1992). As to disciplinary matters, recommendations of the Bar Association Board of Governors are advisory in nature, and this Court makes independent review of the record and findings of fact. *Kentucky Bar Ass'n v. Hays*, 937 S.W.2d 700 (Ky.1996).

■ The recommended discipline focuses on mitigation of the imposed discipline mostly on the misdemeanor conviction obtained through plea bargaining and overlooks the proper role of lawyer discipline and the nature of the facts underlying Grigsby's violation. This Court has the responsibility to ensure that bar membership maintains the character and fitness to practice law and to safeguard the public trust in the profession of law.

■ The lawyer's offense causing disciplinary violation need not be criminal, but rather one that reflects adversely on the profession. The practice of law is an honorable profession and no lawyer should ever do any act or acts that would in any way reflect poorly upon the honorable profession of law. *Kentucky Bar Ass'n v. Burbank*, 539 S.W.2d 312 (Ky.1976). It is the duty and the responsibility of an attorney as an officer of the court to conduct their personal and professional life in such manner as to be above reproach. *Kentucky Bar Ass'n v. Vincent*, 537 S.W.2d 171 (Ky.1976). The touchstone of the ability to practice law is not merely whether the attorney has not committed a criminal act. *In re Lynch*, 238 S.W.2d 118 (Ky. 1951). Lawyer discipline for violations of the code of professional conduct is not entirely focused on punishing a lawyer for committing a crime, but in maintaining bar membership that has the character and fitness to practice law.

■ Fitness to practice law includes maintaining good moral character. It is a long standing principle that for one to be worthy to practice law, the person must have a good moral character upon entering the profession, and must maintain such character all through his or her professional life. *In re Lane*, 291 S.W.2d 19 (Ky.1956). Any act by an attorney that brings the profession or the authority of the courts and administration of the law into disrespect or disregard, such as dishonesty, personal misconduct, questionable moral character, or unprofessional conduct is potential grounds for disbarment. *In re Taylor*, 309 Ky. 388, 217 S.W.2d 954 (1949). Rather, the public is entitled to rely on an attorney's admission to the practice of law as a certification of the

attorney's honesty, high ethical standards, and good moral character. *Kentucky Bar Ass'n v. Collis*, 535 S.W.2d 95 (Ky.1975) *cert. denied* 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637. Thus, the companion aspect of discipline is to safeguard the public's trust that this Court maintains a bar membership that has the fitness and character to practice law.

■ Narcotics offenses by attorneys are ordinarily considered crimes of moral turpitude justifying disbarment. *See, generally,* Kristine Cordier Karnezis, Annotation, *Narcotics conviction as crime of moral turpitude justifying disbarment or other disciplinary action,* 99 A.L.R.3d 288 (1980). Besides being illegal, the addictive nature of the drugs combined with their effects is known to cause the lawyer to harm others, either the public or clients.

■ The fact that Grigsby, a skilled defense attorney, was able to make a plea bargain to achieve a lesser convicted offense than that charged does not mitigate the underlying concerns for his fitness to practice law. That a crime was reduced to a misdemeanor through plea bargaining does not mitigate the actual facts. *Kentucky Bar Ass'n v. Smith,* 492 S.W.2d 880 (Ky.1973) (Imposing permanent disbarment where attorney pled guilty, pursuant to plea bargaining process, to a class A Misdemeanor of criminal attempt); *cf. Vincent, supra.* In *Kentucky Bar Ass'n v. Nunley,* 877 S.W.2d 607 (Ky.1994), this Court ordered temporary suspension for an attorney who was growing less than five plants of marijuana, a class A misdemeanor, and criminal attempt to obtain a controlled substance by fraud, a class A misdemeanor. Later, after conviction, we imposed a two-year suspension. *Nunley v. Kentucky Bar Association,* 890 S.W.2d 290 (Ky.1994). Likewise, in *Kentucky Bar Ass'n v. Patrick,* 842 S.W.2d 868 (Ky.1992), we suspended Patrick for one year after he

had been convicted of class A misdemeanor possession of cocaine. Again, in *Gettys v. Kentucky Bar Ass'n,* 11 S.W.3d 46 (Ky. 2000) we imposed a 181–day suspension on top of a nearly three and a half year temporary suspension on an attorney convicted of felony cocaine possession and misdemeanor DUI, for roughly a four year suspension.

■ Because law is a self-governing profession, rules that promote self-reporting problems and seeking assistance as needed are a key to maintaining the integrity of the profession. Accordingly, had Grigsby reported his difficulties with cocaine to KYLAP pursuant to SCR 3.950 prior to being charged with crimes related to it or causing other harm, his compliance would have far more mitigating weight.

Given that Grigsby has had no other disciplinary actions against him, and that he has cooperated with the disciplinary proceedings thus far and has agreed to KYLAP assistance, suspension is appropriate in this case rather than permanent disbarment.

THEREFORE, IT IS HEREBY ORDERED as follows:

1. David G. Grigsby is suspended from the practice of law in the Commonwealth of Kentucky for a period of one hundred eighty (180) days with sixty-one (61) days to be served and one hundred nineteen (119) days probated for the balance of his duties under the KYLAP monitoring contract.

2. He must continue to perform the duties of his KYLAP monitoring contract during suspension and complete the balance of the two-year program.

3. In accordance with SCR 3.450 and SCR 3.480(3), respondent is directed to pay all costs associated with this

disciplinary proceeding against him, certified in the amount of $8.15, for which execution may issue from this Court upon finality of this order.

4. Pursuant to SCR 3.390, respondent is hereby ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters pending of his suspension and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously · to their mailing.

5. Pursuant to SCR 3.165(6), respondent shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged for the period of suspension.

All concur.

ENTERED: December 22, 2005.

/s/ Joseph E. Lambert
Chief Justice