TO BE PUBLISHED

# 𝕾upreme 𝕮ourt of 𝕶entucky

2014-SC-000156-KB

JOHN W. MARKHAM                                                                 MOVANT

V.                              IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                          RESPONDENT

## OPINION AND ORDER

John W. Markham has moved that this Court issue a public reprimand to him for his admitted violation of Supreme Court Rule ("SCR") 3.130-8.3(c).[1] The Kentucky Bar Association ("KBA") has no objection to this sanction, which was negotiated pursuant to SCR 3.480(2). Finding a public reprimand to be appropriate discipline for his misconduct, we grant Markham's motion. Markham, whose KBA member number is 43935 and whose bar roster address is 9909 Four Seasons Lane, Louisville, Kentucky 40241, was admitted to the practice of law in the Commonwealth of Kentucky on October 1, 1975.

In 2003, Markham was approached by an acquaintance from church, John White, and asked for advice concerning a tax matter. The Kentucky Revenue Cabinet had attached one of Mr. White's bank accounts and was taking his money for alleged tax liabilities and interest. When he asked Markham for advice as to how to handle the situation, Markham suggested

---

[1] This rule has since been renumbered as SCR 3.130(8.4)(c), though the language remains the same.

that Mr. White withdraw funds from the account and hold them in cash. Markham also offered Mr. White access to one of his unused personal bank accounts for the purposes of holding those funds. Mr. White did so, and Markham gave him a bank card and personal identification number for that account. Five years later, Markham asked Mr. White if he could borrow some funds from the account. Mr. White agreed, and Markham withdrew approximately $12,000.00 from the account. According to Markham, he repaid the monies to Mr. White, or persons designated by White, over the course of three years.[2]

Mr. White filed a bar complaint against Markham in December 2012. On November 20, 2013, the Inquiry Commission issued a one-count charge against Markham alleging that he violated SCR 3.130-8.3(c), which provided that it was professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Pursuant to SCR 3.480(2), which permits attorneys to negotiate an appropriate sanction with the KBA, Markham admitted that he violated SCR 3.130-8.3(c) in suggesting that White withdraw funds to secret them from the Revenue Cabinet. Markham now requests the Court issue the agreed-upon public reprimand.

After reviewing the record and the applicable law, the Court finds a public reprimand an appropriate punishment for Markham's misconduct.

---

[2] Mr. White apparently contested that repayment had been made in full, at least initially. However, based on the limited record the repayment of $12,000.00 appears to no longer be an issue. Rather the charge focuses on Markham's advice to White and assistance in secreting the funds from tax authorities.

First, we agree that the act of facilitating tax evasion constitutes deceptive or dishonest conduct under the formerly numbered SCR 3.130-8.3(c). Second, we find that a public reprimand is consistent with our case law. In *Kentucky Bar Association v. Dixon*, 373 S.W.3d 444 (2012), this Court issued a public reprimand for an attorney's involvement in a money laundering scheme undertaken for an acquaintance. This Court found that the attorney was not a knowing participant in the scheme but should have been aware that he was assisting in the misuse of his escrow account. While not directly on point, *Dixon* is comparable to the case before us. Finally, we agree that it is notable that Markham has received no other discipline in over thirty-nine years as a practicing member of the Bar. Accordingly, the Court finds the proposed negotiated sanction to be appropriate and declines further review. SCR 3.480(2). Therefore, it is hereby ORDERED:

1. John W. Markham, KBA Member Number 43935, is publicly reprimanded for his violation of former SCR 3.130-8.3(c); and

2. Pursuant to SCR 3.450, Markham is directed to pay all costs associated with these disciplinary proceedings, in the amount of $60.47, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 19, 2014.

CHIEF JUSTICE

3