TO BE PUBLISHED

# Supreme Court of Kentucky

## 2024-SC-0472-KB

IN RE: MATTHEW PAUL SCHULTZ

### IN SUPREME COURT

### **OPINION AND ORDER**

On September 25, 2024, Matthew Paul Schultz ("Schultz") moved this Court for entry of an order permanently disbarring him from the practice of law in the Commonwealth of Kentucky for violation of the Rules of the Supreme Court ("SCR") as charged in the Kentucky Bar Association ("KBA") Files 21-DIS-0158 and 24-DIS-0164. These files were consolidated by the KBA pursuant to SCR 3.260(1). SCR 3.480(3) allows for "[a]ny member who has been engaged in unethical or unprofessional conduct . . . to withdraw his membership under terms of permanent disbarment." The KBA has filed a response expressing no objection to Schultz's motion. Having reviewed the record and Schultz's admission of unethical conduct, we grant his motion for permanent disbarment.

## I. FACTS AND BACKGROUND

Schultz was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2013. His KBA membership number is 95336, and his bar roster address is 200 Pinebrook Drive, Paducah, Kentucky 42001.

### File 21-DIS-0158

In June of 2021, Schultz represented Conrad Carr ("Carr") in a criminal matter in which Carr was charged with three counts of Theft by Unlawful Taking over $10,000. Carr pled guilty and was sentenced to seven years of imprisonment, probated for five years. One of the conditions Carr was subject to required that he repay $242,279.96 in restitution to the victims of his crime. To furnish payment for the restitution, Carr sold his house and gave Schultz a check for the resulting proceeds in the amount of $78,609.21. Schultz deposited the check into his escrow account but did not take any steps to pay restitution on Carr's behalf.

On August 18, 2021, Carr appeared in court for a restitution review and was surprised to find that Schultz had not used the money to satisfy any of the restitution. The court ordered two show cause hearings, and Schultz failed to appear for either hearing, claiming he was out of town. As a result, Schultz was arrested for contempt on October 1, 2021. While in custody, Schultz brought a razor blade and handcuff key into the secure portion of the detention center. He was subsequently charged with Theft by Unlawful Taking over $10,000 and Promoting Contraband 1st Degree. On December 20, 2022, Schultz pled guilty to the amended charge of Theft by Unlawful Taking over $1,000 and Promoting

2

Contraband 1st Degree. He was thereafter ordered to pay restitution and placed on felony pretrial diversion for five years.

As a result of Schultz's conduct in this matter, the KBA Inquiry Commission charged him with violations of SCR 3.130(3.4)(c) (disobeying obligations to a tribunal); SCR 3.130(8.1)(b) (failure to respond to bar complaint); SCR 3.130(8.4)(b) (commission of criminal act which reflects adversely on honesty, trustworthiness, or fitness as a lawyer); and SCR 3.130(8.4)(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). Schultz now admits to each of these violations.

### File 24-DIS-0160

On January 23, 2024, Schultz's ex-wife obtained an Emergency Protection Order ("EPO") against him. Despite the no contact provision of the EPO, Schultz texted his ex-wife more than twenty-four times in an eight-hour span between February 4-5, 2024. These text messages contained a multitude of threatening statements in which Schultz claimed he would find his ex-wife and harm law enforcement. Schultz's ex-wife contacted the Kentucky State Police, who then arrested Schultz for violation of the EPO. On May 6, 2024, Schultz pled guilty to Violation of a Kentucky EPO and was sentenced to twelve months in jail with 105 days to serve, and the balance to be probated for two years.

At the time of his arrest, Schultz was still subject to the terms of felony diversion agreements in the two aforementioned criminal cases. As a result of his arrest, Schultz was charged with one count of Probation Violation in each of

these cases, and his two pretrial diversions were voided. On June 17, 2024, Schultz then pled guilty to the amended charged of Theft by Unlawful Taking over $1,000 for stealing over $78,000.00 from his client and Promoting Contraband 1st Degree for entering jail with a razor blade and a handcuff key. On July 15, 2024, Schultz was sentenced to five years' imprisonment on each charge to run concurrently.

For his conduct in this matter, the Inquiry Commission again charged Schultz with violation of SCR 3.130(8.4)(b) for committing a criminal act which reflected adversely on his honesty, trustworthiness, or fitness as a lawyer. Schultz now admits to this violation.

## II. ANALYSIS

Permanent disbarment is frequently an appropriate sanction for theft of client funds and involvement in criminal activity which reflects adversely on the attorney's fitness to practice law. *See Huffman v. Ky. Bar Ass'n*, 422 S.W.3d 230, 232 (Ky. 2013) (stating "permanent disbarment is the near-routine sanction for gross financial misconduct"); *Ky. Bar Ass'n v. Edwards*, 377 S.W.3d 557, 564 (Ky. 2012) (holding permanent disbarment appropriate for theft of $78,000 of disabled ward's funds). We have a duty to "safeguard the public's trust that this Court maintains a bar membership that has the fitness and character to practice law." *Grigsby v. Ky. Bar Ass'n*, 181 S.W.3d 40, 43 (Ky. 2005). Furthermore, we have recognized that "[i]t is the duty and the responsibility of an attorney as an officer of the court to conduct their personal and professional life in such manner as to be above reproach." *Id.* at 42.

4

To this Court, Schultz admits that his conduct violated the Rules of Professional Conduct. Based on his own admission to the above ethical violations, Schultz requests that this Court grant his Motion to Resign Under Terms of Permanent Disbarment. We agree that Schultz's proposal for permanent disbarment is appropriate pursuant to SCR 3.480(3).

ACCORDINGLY, IT IS ORDERED THAT:

1. Matthew Paul Schultz is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. Pursuant to SCR 3.450, Schultz is ordered to pay all costs associated with these disciplinary proceedings in the amount of $306.27, for which execution may issue from this Court upon finality of this Opinion and Order;

3. Pursuant to SCR 3.480(4)(a), Schultz shall take all steps necessary and practicable to cease all forms of advertisement of his practice immediately upon entry of this Opinion and Order and shall report the fact and effect of those steps to the Director of the KBA in writing within twenty (20) days after this Opinion and Order is entered; and

4. Pursuant to SCR 3.390, if he has not already done so, Schultz shall, within twenty (20) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing,

all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel.

All sitting. All concur.

ENTERED: December 19, 2024.

_____
CHIEF JUSTICE

6