**Robert F. BARRETT, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

**No. 91–SC–829–KB.**

Supreme Court of Kentucky.

Nov. 21, 1991.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for Kentucky Bar Ass'n.

Robert E. Ruberg, Gary J. Sergent, O'Hara, Ruberg & Taylor, Covington, for movant.

## OPINION AND ORDER

STEPHENS, Chief Justice.

Movant was charged with unethical conduct and now moves for permission to resign from the Kentucky Bar Association pursuant to SCR 3.480(3).

On November 19, 1990, movant was indicted in the United States District Court for the Eastern District of Kentucky at Covington for violation of 18 U.S.C. § 1014 and § 1344. The criminal charges involved fraud in obtaining several bank loans during 1985 and 1986. Movant has admitted that he engaged in substantially all of the conduct alleged in the indictment, acknowledged that he has entered a plea of guilty to one count in the indictment and is now awaiting sentencing in the United States District Court for the Central District of California, the court to which the criminal case was transferred for disposition.

Movant was charged with violating DR 1–102(A)(3), (4), and (6) of the Code of Professional Responsibility. This rule prohibits conduct involving dishonesty, fraud, deceit, misrepresentation, illegal conduct involving moral turpitude and conduct which adversely reflects upon a lawyer's fitness to practice law. The Bar Association has not objected to the motion to resign under terms of disbarment.

Therefore, it is ordered that Robert F. Barrett's motion to resign from the Kentucky Bar Association is granted. It is further ordered that:

1. Movant shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky until such time as the Supreme Court

of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement for a period of five (5) years which period will begin on the date when the Court enters an order granting his motion to resign.

3. Movant will not file an application for reinstatement following the five-year period unless he presents satisfactory evidence that he has satisfied the financial obligations to his creditors identified in filed bankruptcy schedules.

4. Notwithstanding the five-year period mentioned above, movant shall not file an application for reinstatement if there is any outstanding claim or judgment against him resulting from his practice of law prior to resignation, such claims and judgments shall include any from the client security fund of the Kentucky Bar Association.

5. The application for reinstatement filed by movant shall be governed by SCR 3.520, reinstatement in case of disbarment, or any subsequent amendment to SCR 3.520.

6. All disciplinary proceedings pending against movant shall be terminated and the cost thereof shall be paid by movant in accordance with SCR 3.450(1) and SCR 3.480(3).

7. Movant will comply with any applicable provisions of SCR 3.390 regarding notice to all courts in which he has matters pending, all clients for whom he is actively involved in litigation, and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the date of this order, and movant shall simultaneously provide a copy of all such letters to the director of the Kentucky Bar Association.

All concur.