**INQUIRY COMMISSION, Movant,**

v.

**Douglas C. COMBS, Jr., Respondent.**

No. 2008–SC–000150–KB.

Supreme Court of Kentucky.

April 24, 2008.

*OPINION AND ORDER*

Douglas C. Combs, Jr., KBA Membership No. 13883, was admitted to practice in the Commonwealth of Kentucky on November 1, 1983. His bar roster address is 1200 Kentucky Boulevard, Hazard, KY 41701.

On February 29, 2008, the Inquiry Commission filed a petition to automatically suspend (pursuant to SCR 3.166), or alternatively to temporarily suspend (pur-

suant to SCR 3.165), the Respondent, Douglas C. Combs, Jr., from the practice of law in the Commonwealth due to the Respondent's conviction of a felony on November 19, 2007, in the United States District Court for the Eastern District of Kentucky. Although the Respondent faced a twenty-year sentence, he received six months on his plea of guilty to one count of mail fraud in case no. 3:06–CR–34–001–KKC. A "felony" was defined under SCR 3.166(1), at the time of conviction, for purposes of an automatic suspension, as "an offense for which a sentence to a term of imprisonment of at least one (1) year was imposed." Because the Respondent received less than one year imprisonment (no additional probation, etc.), he was not subject to an automatic suspension under SCR 3.166.[1] However, under SCR 3.165(1)(c), Respondent may be temporarily suspended for convictions under SCR 3.320. This rule includes felonies and class "A" misdemeanors, regardless of time served, if the conviction puts "in grave issue whether [the attorney] has the moral fitness to continue to practice law." SCR 3.165(1)(c).

The facts in this case are that on December 7, 2006, an indictment was returned against the Respondent in the United States District Court for the Eastern District of Kentucky, case no. 3:06–CR–34–001–KKC, for thirty-six counts of mail fraud in violation of 18 U.S.C. § 1341. The indictment alleged that the Respondent, while serving as a Circuit Court Judge, had defrauded the Administrative Office of the Courts by making false statements to AOC that he needed additional staff for court business when in fact he used his permanent staff to run his trailer park and to perform tasks related to his personal affairs. In exchange for a guilty plea to one count of mail fraud, the other thirty-five counts were dismissed. The Respondent entered a plea of guilty for which he received a sentence of six months' imprisonment, and upon release, he was to be placed on supervised release for three years, pay a fine of $3,000.00 plus pay a $100.00 assessment. Each count carried a maximum term of imprisonment of twenty years.

SCR 3.165(1)(c) provides for a temporary suspension from the practice of law by this Court if an attorney is "convicted of a crime as set out in SCR 3.320 and it appears from the record of such conviction that the attorney has so acted as to put in grave issue whether he/she has the moral fitness to continue to practice law." SCR 3.320 convictions are felonies and class "A" misdemeanors. Because SCR 3.320 does not have its own definition of a felony, we use the penal code's definition of a felony. KRS 532.020 designates the offense by the authorized maximum term of imprisonment and not by the time received. Under KRS 532.020(1)(c), the Respondent pled guilty to a Class B felony.

The remaining issue in this case is whether a felony conviction for mail fraud is an offense which puts in grave issue whether the attorney has the moral fitness to continue to practice law. In *Kentucky Bar Ass'n v. Cline*, 814 S.W.2d 925, 926 (Ky.1991), this Court said (in dealing with a prior version of the rule which allowed temporary suspension when convicted of a felony which puts in issue one's moral fitness to practice law):

> For purposes of this rule, it is not necessary that the judgment of conviction es-

---

1. Under SCR 3.166(1), amended effective 2–1–08, a "felony" has been redefined as "an offense for which a sentence ... of at least one (1) year is authorized by law." Also, disciplinary measures depend on the rule on the date of conviction and are not retroactive. *Kentucky Bar Ass'n v. Ball*, 501 S.W.2d 253 (Ky.1971).

*tablish* that the attorney does *not* in fact possess the moral fitness required for practice. The rule is satisfied when it *appears* from the conviction that he has so *acted* as to create a grave *issue* as to his moral fitness.

Not all crimes put in issue one's moral fitness to practice law. Under the comments to SCR 3.130–8.3, which defines misconduct, not all crimes reflect adversely on the practice of law. "Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category." SCR 3.310–8.3 cmt.1. SCR 3.130–8.3 reflects that reasoning, deeming it professional misconduct for a lawyer to:

(b) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation

[2] In *Barrett v. Kentucky Bar Ass'n*, 819 S.W.2d 316 (Ky.1991), this Court reviewed a criminal charge of fraud in obtaining bank loans for which Mr. Barrett pled guilty in the United States District Court for the Eastern District of Kentucky. We determined this conduct involved "dishonesty, fraud, deceit, misrepresentation, illegal conduct involving moral turpitude and conduct which adversely reflects upon a lawyer's fitness to practice law." Likewise, in the Respondent's case before us, we are of the opinion that the Respondent's plea of guilty to mail fraud in the United States District Court "put[s] in grave issue whether he/she has the moral fitness to continue to practice law." SCR 3.165(1)(c). Therefore, the Inquiry

Commission's request to temporarily suspend the Respondent from the practice of law is granted, and IT IS HEREBY ORDERED THAT:

1. The Respondent, Douglas C. Combs, Jr., is hereby temporarily suspended from the practice of law until further notice; and

2. Within twenty (20) days from the date of entry of this order of temporary suspension, the Respondent shall, pursuant to SCR 3.165(5), notify all clients in writing of his inability to continue to represent them and shall furnish copies of any such letters of notice to the Director of the Kentucky Bar Association; and

3. Immediately, to the extent reasonably possible, cancel and cease any advertising activities in which the attorney is engaged.

All sitting. All concur.

ENTERED: April 24, 2008.

/s/ JOSEPH E. LAMBERT
Chief Justice