**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Douglas C. COMBS, Jr., Respondent.**

**No. 2009–SC–000688–KB.**

Supreme Court of Kentucky.

March 18, 2010.

### *OPINION AND ORDER*

Respondent, Douglas C. Combs, Jr., was admitted to the practice of law in the Commonwealth of Kentucky on November 1, 1983. His bar roster address is 1200 Kentucky Boulevard, Hazard, Kentucky 41701 and his KBA Member Number is 13883. Respondent was suspended from the practice of law by this Court on April 24, 2008, pursuant to SCR 3.165, pending resolution of the disciplinary charges against him.[1]

Respondent had been a Perry County District Court Judge, and then a Perry County Circuit Court Judge until his resignation, effective April 14, 2004, while charges were pending before the Judicial Conduct Commission. On July 6, 2005, the Inquiry Commission issued a Charge against Respondent of engaging in unprofessional conduct by a lawyer that involved dishonesty, fraud, deceit or misrepresentation, in violation of SCR 3.130–8.3(c).[2] The Charge asserted that, between 1998 and August 2003, Respondent processed a number of claims to the Administrative Office of the Courts for payment to persons appointed by him as Circuit Judge as substitute court reporters in Perry Circuit Court, when those services were not actually needed nor performed.[3] Respondent

---

1. *Inquiry Comm'n v. Combs,* 250 S.W.3d 319 (Ky.2008).

2. KBA File No. 11779.

3. The Trial Commissioner would later find: "There is no evidence that the actual loss to AOC was over $60,000.00." Respondent's memorandum for sentencing before the U.S.

denied the Charge and the matter was placed in abeyance pending criminal charges.

On December 7, 2006, Respondent was indicted in the United States District Court for the Eastern District of Kentucky at Lexington[4] for thirty-six counts of mail fraud, in violation of 18 U.S.C. § 1351, for the same course of conduct as in the KBA Charge. Respondent entered a plea of guilty to one count and was sentenced to six months incarceration, three years supervised release, and payment of a fine of $3,000. Restitution was neither sought nor ordered.

As a result of his plea, the matter before the KBA was taken out of abeyance. The Inquiry Commission issued a second Charge for violation of SCR 3.130–8.3(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer), and this Court issued a temporary suspension from the practice of law.[5] Respondent answered, denying the charges. A Trial Commissioner was appointed and an evidentiary hearing held on or about March 24, 2009.[6] The Trial Commissioner found the Respondent guilty of both Charges and filed his report on July 23, 2009. The Trial Commissioner recommended permanent disbarment.

Respondent appealed to the Board of Governors. The parties filed briefs with the Board, which heard the case on September 18, 2009. Respondent's brief conceded that "[t]he only real issue in the present case is the degree of sanction to be imposed on Mr. Combs as a result of his criminal plea." The Board issued Findings of Fact, Conclusions of Law and Rec-

ommendations on October 16, 2009, which were filed with this Court on October 19, 2009. By a vote of 14 to 4, the Board recommended that Respondent be found guilty of both Counts, for violation of SCR 3.130–8.3(b) and SCR 3.130–8.3(c), and be permanently disbarred.

SCR 3.370(8) permits Respondent to file a notice of review with this Court within 30 days of the Board's recommendation. SCR 3.370(10) provides that if no notice of review is received, and the Court itself does not seek review under SCR 3.370(9), then this Court shall enter an order adopting the decision of the Board of Governors relating to all matters. No requests for review have been filed. Accordingly, this Court adopts the Findings of Fact, Conclusions of Law and Recommendations of the Board of Governors dated October 16, 2009, and filed October 19, 2009.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Respondent, Douglas C. Combs, Jr., is permanently disbarred from the practice of law in this Commonwealth, effective upon the entry of this Opinion and Order; and

2. Respondent shall pay all costs associated with these disciplinary proceedings against him, which were certified by the Executive Director to be $3,172.73, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: MARCH 18, 2010.

/s/ <u>John D. Minton Jr.</u>

---

District Court stated the agreed loss figure was $65,175.

4. Criminal Action No. 06–CR–34–KKC.

5. *Combs*, 250 S.W.3d 319.

6. In various documents, the hearing date is listed as March 23, 2009; March 24, 2009; and March 25, 2009.

Chief Justice